GARRISON, Judge.
Mid-South Packaging, Inc., appellee, is a judgment creditor of Carter Hunter, d/b/a Hunter Agency. Mid-South made the judgment executory and issued garnishment interrogatories to Mohammad Khaled, d/b/a Ms. and His, making Khaled garnishee. Khaled filed a response, in proper person, six days after the interrogatories were served.[1] Subsequently, however, the trial *267 court issued a judgment pro confesso against Khaled for the amount due. Kha-led has appealed.
The basic issue on appeal is whether the strict requirement of C.C.P. Art. 2412 (that the garnishee shall file a “sworn” answer) must be followed.[2] Mid-South contends the requirement of 2412 must be strictly construed. Khaled, on the other hand, ignores the requirement of a sworn answer, and emphasizes the substance of his response, which denied any type of indebtedness or liability to Carter Hunter and stated that Hunter was not employed by him. Khaled contends that, under C.C.P. Art. 2414, Mid-South was required to traverse his answer, and that failure to do so means the answer must be accepted as true, so that judgment pro confesso was erroneous.
Khaled’s position would be correct, were if not for the clear requirement of Art. 2412, that garnishee’s answer shall be sworn.
This case is analogous to Mid-City Investment Co. v. Batiste, 248 So.2d 88 (La.App. 1st Cir. 1970), in which our brothers of the Third Circuit stated that a telegram sent by the garnishee could not be considered a sworn answer to interrogatories. Nor can Khaled’s response be considered as proper under the Codal article. Thus, Khaled failed to answer the garnishment interrogatories within the appropriate delays.
C.C.P. Art. 2413 states that upon garnishee’s failure to answer, the judgment creditor may proceed by contradictory motion against the garnishee. The garnishee’s failure to answer is prima facie proof that he is indebted to the judgment debtor, and judgment shall be rendered against him unless he proves he had no property of and was not indebted to the judgment debtor. Khaled was represented by an attorney at the hearing on the motion for judgment pro confesso, but no evidence was presented to contradict Mid-South’s statutorily-acquired prima facie case. The judgment in favor of Mid-South Packaging, Inc. was, therefore, correct.
Accordingly, the judgment of the Second Parish Court for the Parish of Jefferson is affirmed.

AFFIRMED.

. Khaled’s answer reads as follows:
“Sir: This man was my advertising agent. He is no longer employed by me. I owe him no money. I still paying him $50 a week for WRNO Radio Station, because he sign me a deal with the station and he get his commission from WRNO Station. But, I don’t owe him any personal money and he do not work for me at all. And the company Ms. and His never owed Mid-South money through Hunt *267 er Agency, all the money owed by Ms. and His paid to Mid-South Packaging, Inc. by me in cash. I don’t know anything between Hunter Agency and Mid-South Co.”

. C.C.P. Art. 2412 reads as follows:
“The sheriff shall serve upon the garnishee the citation and a copy of the petition and of the interrogatories, together with a notice that a seizure is thereby effected against any property of or indebtedness to the judgment debtor.
“Service shall be made in the manner provided for service of citation, except that if the garnishee is an individual, service must be personal. If the garnishee has concealed or absented himself with the purpose of avoiding personal service, the court may order that service be made in any other manner provided by law.
“The garnishee shall file his sworn answers to the interrogatories within fifteen days from the date of service.” (Emphasis added.)