398 So.2d 1151 (1981)
William Wesley JOHNSON, III
v.
Phillip FULWOOD (Consumer Insurance Agency, Garnishee).
No. 12008.
Court of Appeal of Louisiana, Fourth Circuit.
April 21, 1981.
*1152 Santo A. Dileo, New Orleans, for plaintiff-appellee.
Lobrano, Ballay & Braud, Charles J. Ballay, Belle Chasse, for defendants-appellants.
Before KLIEBERT, STOULIG and BAILES, JJ.
EDWARD J. STOULIG, Judge Pro Tem.
Garnishee, Consumer Insurance Agency, has appealed a judgment condemning it to pay plaintiff, William Johnson, III, $7,988.84 plus 25% attorney fees, representing the amount the garnishee failed to withhold from the wages of Phillip Fulwood under a garnishment judgment.
On July 18, 1977 Johnson filed a petition in the 25th Judicial District Court for the Parish of Plaquemines to make executory in that jurisdiction a $21,014.70 judgment of the 24th Judicial District Court for the Parish of Jefferson. After having the judgment signed that same day, plaintiff obtained a writ of fieri facias and thereunder cited Consumer Insurance Agency, employer of judgment debtor, as a garnishee.
The first attempt to serve the garnishee was unsuccessful and the deputy sheriff noted in his return: "NO SUCH CO. BY THIS NAME. THE NAME IS CONSUMER INS. LTD. OR PLAQ. INS. AND BROKEAGE (sic) CO."
On August 8, 1977 plaintiff filed garnishment interrogatories directing the sheriff to serve "Consumer Insurance Ltd., d/b/a Plaquemines Insurance & Brokerage Ltd., a/k/a Plaquemines Insurance & Brokerage Company." Again the Plaquemines deputy sheriff noted on his return he could not serve the document because: "NO SUCH CO. BY THIS NAME. THE NAME OF THE CO. IS PLAQ. INS. BROKER LTD., d/b/a CONSUMER INS. AGENCY."
On September 7, 1977 plaintiff filed more garnishment interrogatories and this time directed the sheriff to serve "Consumer Insurance Agency or through the proper officer of Plaquemines Insurance Brokerage, Ltd." The return on this third attempt was accepted by "Consumer Ins. Agency through Phillip Fullwood, president." All *1153 three citations were directed to the same address where the sheriff finally succeeded in serving the debtor in his capacity as president of the garnishee.
In answer to the garnishment interrogatories, Consumer Insurance Agency admitted employing Phillip Fulwood at a weekly salary of $251.68. By joint motion of the attorneys for the garnisher and garnishee this decree was rendered:
"IT IS ORDERED, ADJUDGED AND DECREED that CONSUMER INSURANCE AGENCY, garnishee be and it is hereby ordered to withold (sic), deduct and pay to petitioner herein, for any week while defendant, PHILLIP FULLWOOD, is in the employ of garnishee, the lesser of the following: (a) 25% of the disposable earnings (as defined by R.S. 13:3881, as amended by Act 530 of 1972), or (b) the amount by which the disposable earnings of defendant exceeds the sum of $70.00; said deductions and payments to begin upon satisfaction of any prior garnishments, if any, or from date of service of garnishment, September 23, 1977, and to continue so long as said defendant is in the employ of said garnishee or until the full amount of the judgment herein rendered against defendant shall have been paid in full, including any commissions due by law."
On February 11, 1980 plaintiff filed a rule for an accounting alleging he had only received $1,100.00 under the judgment of garnishment and that 108 weeks had elapsed without the garnishee transmitting the wages it was required to withhold from Fulwood's salary. Mover further averred he received no court order modifying the judgment.
At a hearing on the rule, mover presented no evidence to establish that the garnishee had in fact failed to withhold and forward the stipulated amount. Nor did he prove that at the time of this rule the judgment had not been satisfied in some other manner.
The only evidence adduced was that of judgment debtor, Phillip Fulwood, whose testimony was vague and equivocal. Fulwood testified he was not employed by anyone and it is still not clear from his testimony what is the correct name of the employer corporation.
As in the original hearing the scope of the trial on remand and the respective burdens each litigant must carry are established by L.R.S. 13:3923, which provides:
"It shall not be necessary that more than one writ of garnishment or one set of interrogatories be served in such cases, but the court shall render judgment for the monthly, semimonthly, weekly or daily payments to be made to the seizing creditor according to the manner best suited to the circumstances, until the indebtedness is paid. The garnishor shall serve upon the garnishee the citation, the petition, the garnishment interrogatories, the notice of seizure, and a statement of sums due under the garnishment, such statement to include, but not be limited to, the principal, interest, court costs incurred to date, and attorney's fee due under the judgment. The court, in its discretion, may reopen the case upon the motion of any party concerned for evidence affecting the proper continuance of such judgment, and the court shall retain jurisdiction to amend or set aside its judgment at any time in its discretion; however, all effects of the seizure by garnishment shall cease upon the termination of employment of the debtor with the garnishee, unless the debtor is reinstated or reemployed within one hundred eight days after the termination. Should judgment by default be taken against any party garnishee, he may obtain a reopening of the case upon proper showing and within the discretion of the court." (Emphasis supplied)
From the italicized portion of the statute, we note that any party may reopen a garnishment proceeding to amend or modify the judgment. It also stipulates the wage garnishment is terminated contemporaneously with the termination of employment by the judgment debtor. The employer, logically, is in the best position to know at what point the judgment debtor is no longer *1154 employed by him. Thus, when a judgment creditor files a rule for an accounting and establishes by competent evidence that he has not been paid in accordance with the terms of the original judgment, then the burden of proof shifts to the employer to explain his failure to transmit garnished wages. The garnishee's response where employment of the debtor has been terminated is in the nature of the affirmative defense of extinguishment of an obligation as set forth in C.C.P. art. 1005.
We do not understand R.S. 13:3923 to place an affirmative duty on the employer to seek immediate modification of the judgment of garnishment once the debtor leaves his employ. The last sentence of 13:3923 permits the garnishee against whom a default is entered in a modification proceeding to have the case reopened. This right would not be granted if the garnishee employer had an affirmative duty to bring the motion to terminate the judgment.
In Sun Sales Co. v. Hodges, 237 So.2d 684 (La.1970), the court characterized the garnishee as the legal custodian of the garnished funds of the judgment debtor. While the custodian must account for funds actually withheld, it would be oppressive to require a garnishee, aptly described by Justice Barham in the Sun Sales dissent as a "forced middleman collector and benefactor without compensation for the creditor, debtor and the courts", to bear the expenses of a court proceeding to affirmatively terminate a judgment of garnishment.
In summary plaintiff failed to establish his right to an accounting under the judgment of garnishment by a preponderance of the evidence. We find no merit in the garnishee's argument that plaintiff additionally had the burden of proving Fulwood remained in the employ of Consumer Insurance Agency during the period in which garnished wages were not forwarded.
We note that both litigants, in briefs, refer to a bankruptcy proceeding in which Fulwood allegedly discharged this debt in bankruptcy; however, that discharge was apparently reversed on appeal by the Federal District Court and the bankrupt is now appealing the reversal of the judgment of discharge in the United States Court of Appeals, Fifth Circuit. While this proceeding would explain the lapse by the creditor in seeking an accounting, we cannot consider this information in our review because it was never made part of the record in the trial court. See Pertuis v. Islander Motor Homes, Inc., 294 So.2d 284 (La.App. 1st Cir. 1973).
In any event, the record before us does not support the judgment that was rendered and while plaintiff failed to establish the present status of the judgment balance when this rule was tried, as well as non-payment, defendant Fulwood, either individually as a debtor or as a corporate officer of the garnishee company, failed to explain satisfactorily his employment situation when this information obviously was known to him. We could dismiss the rule without prejudice; however, we conclude a more just result would be obtained if we remanded this matter to permit both parties to adduce evidence in support of their respective positions. C.C.P. art. 2164 gives appellate courts authority to render any judgment which is just, legal and proper upon the record on appeal. Hall v. Arkansas Louisiana Gas Co., 359 So.2d 255 (La. App. 2nd Cir. 1978); Guilott v. Guilott, 326 So.2d 551 (La.App. 3rd Cir. 1976).
For the reasons assigned, the judgment appealed from is vacated and this matter is remanded for further proceedings consistent with the views we have herein expressed. Costs are to be assessed at the final adjudication of this matter.
JUDGMENT VACATED; REMANDED.