422 So.2d 1159 (1982)
FIRST NATIONAL BANK OF COMMERCE
v.
Richard J. BOUTALL.
No. 82-C-1084.
Supreme Court of Louisiana.
November 29, 1982.
*1160 Robert A. Mathis, Newman & Drolla, New Orleans, for applicant.
Richard J. Boutall, Metairie, for respondent.
LEMMON, Justice.
We granted certiorari to review the judgment of the trial court (affirmed by the court of appeal at 411 So.2d 1193) which awarded defendant damages on account of plaintiff's allegedly wrongful seizure of funds in defendant's bank account. We now reverse, concluding that the funds were not wrongfully seized.
Plaintiff, as defendant's judgment creditor, obtained a writ of fieri facias and served garnishment interrogatories on the garnishee bank. The interrogatories included the following question:
"3. Have you not in your hands, on deposit or under your control, not exempt by law from seizure, any money, rights, credits, property, or effects of any description belonging to defendant herein? If yea, state what it consists of and how much."
The garnishee answered the pertinent interrogatory as follows:
"In answer to Interrogatory No. 3, garnishee says it is favored with checking account No. XXX-XXX-X in the name of Richard J. Boutall Spc with a balance of $40.84 subject to a contractual charge of $10.00, leaving an available balance of $30.84 which it is holding under this garnishment. Garnishee is also favored with checking account No. XXX-XXX-X in the name of Richard J. Boutall Trust & Escrow with a balance of $5.54 which it is holding under this garnishment; however, garnishee does not know whether or not this account is subject to seizure."
The judgment creditor then filed a rule to traverse the interrogatories, and a copy of the rule, along with the order assigning the motion for contradictory hearing on June 8, 1979, was served on the garnishee bank.[1]
At the contradictory hearing on the rule to traverse, the attorney for the judgment creditor and the attorney for the garnishee bank appeared, but defendant did not appear.[2] According to counsel's assertion in brief, the attorneys agreed to release the escrow account, because it was apparent from the name of the account that the funds in that account probably did not belong to defendant and because the judgment *1161 debtor was not particularly interested in pursuing the question when such a small amount of money was involved. On the other hand, the "Richard J. Boutall Spc." account did not give any indication by its name that the funds belonged to someone other than defendant, and the garnishee bank agreed to turn over the funds in that account to the judgment creditor. Presumably, a judgment was to be presented to the trial court in due course.
Later the same day, defendant filed a pleading entitled "Motion to Remove Garnishment, for Preliminary Injunction, and for Damages for Wrongful Seizure", in which defendant asserted that the funds in the special account belonged to other persons and did not belong to him personally.[3] The hearing on the contradictory motion was set for hearing on June 26.[4]
At the June 26 hearing, defendant testified that $35 of the approximately $40 in the special account belonging to Crescent City Model Railroad Company, of which he was a member, and that he maintained the club's funds in that account in order to pay certain items on behalf of the corporation for an upcoming convention. Defendant further testified that he had written a check in the amount of $30, payable to cash, after the garnishment interrogatories were served and that the check "bounced" because there were insufficient funds in the account after the seizure to pay the $30 check.
In order to recover damages for wrongful seizure, a party must prove that the seizure was indeed wrongful. In the present case, the judgment creditor obtained a judgment approximately 15 months before the seizure and filed the garnishment interrogatories as a proper procedure for enforcing the judgment. A seizing creditor who serves garnishment interrogatories on a bank generally does not know the exact accounts that the debtor has with the bank or the amounts in the accounts, and there is no indication in this record that the seizing creditor had any information in this regard. While defendant had been questioned at a judgment debtor rule several months before the seizure, defendant in his testimony at the hearing on the rule did not indicate in any manner that he had informed the creditor that the funds in the special account did not belong to him. Significantly, the account by its name did not give any indication to a seizing creditor (even one who expressly seized that account) that the funds in the account did not belong to the debtor.
The garnishment procedure is designed as a streamlined method of obtaining funds of the debtor in the hands of a third party. The seizure becomes effective upon the service of the garnishment interrogatories, so that the garnishee is warned by the seizure that he should hold the seized funds until the court renders an order for the disposition of the funds. Unless it is apparent that the seized funds do not belong to the debtor, it is encumbent on the debtor to bring this fact to the attention of the court. By raising the question of the ownership of the funds, the debtor places that issue before the court for the first time.
Here, the debtor did raise the question of the ownership of the funds, and he presented evidence at the hearing which the trial judge apparently accepted. Therefore, he is entitled to a judgment declaring that those funds are not subject to seizure and *1162 to a return of the funds which were turned over to the judgment creditor by the garnishee bank. However, defendant is not automatically entitled to damages just because he proves at a hearing on a contradictory rule that the seized funds in the account did not belong to him, when it was not otherwise apparent to the seizing creditor that the funds in the account were not those of the debtor.
Defendant has not borne the burden of proving that the funds in his bank account were wrongfully seized. Therefore, he is not entitled to damages for wrongful seizure, and the trial court erred in awarding damages for wrongful seizure under the facts of this particular case. The judgment of the trial court awarding damages for wrongful seizure must be set aside.
Accordingly, the judgment of the lower court is reversed, and the judgment debtor's demand for damages for wrongful seizure is dismissed.
NOTES
[1] The record does not reveal whether the motion and order was served on defendant.
[2] This fact does not appear in the record, but was asserted by counsel for the judgment creditor in brief and was not contradicted by defendant.
[3] This was the first notice to the seizing creditor that the funds in the special account might not belong to the debtor.
[4] Actually, the minute entry for June 8 in the court records shows that the rule scheduled for hearing (which was the rule to traverse filed by the judgment creditor) was continued and reset for June 26. It is relatively insignificant, in view of the decision that we reach, whether or not defendant appeared at the scheduled time of the June 8 hearing. The attorneys for the judgment creditor and for the bank assert that they agreed on the disposition of the two accounts, but no judgment to that effect was signed prior to defendant's filing of the rule. Furthermore, even if a judgment had been rendered, defendant's motion could be treated as a timely motion for a new trial. In any event, the entire matter was before the court at the subsequent June 26 hearing.