CURRAULT, Judge.
This appeal originates in the First Parish Court, Division “B”, Parish of Jefferson, wherein the Honorable James M. Lockhart, Jr. dismissed petitioner’s action pursuant to petitioner’s motion to traverse a garnishment answer. Petitioner has now perfected this appeal.
Neon Sign Services, Inc. obtained a judgment against Chalmette Cinema III, Inc. on May 30,1979, in Division “C” of the Thirty-Fourth Judicial District Court. Chalmette Cinema was cast in judgment for the sum of. Two Thousand Nine Hundred Sixty and 46/ioo Dollars ($2,960.45), plus interest from the date of judicial demand. Neon Sign took no action on this judgment.
Over two years later, on July 1, 1981, Chalmette Cinema sold property to C.C.P., Inc. for the full sum of One Million Five Hundred Fifty Thousand and No/100 Dollars ($1,550,000). Payment was as follows: One Million Three Hundred Twenty-Five Thousand and No/100 Dollars ($1,325,000) cash payment; purchaser C.C.P., Inc. assumed the principal indebtedness of Chal-mette Cinema due to Toye Bros. Yellow Cab Company in the principal amount of One Hundred Twenty-Five Thousand and No/100 Dollars ($125,000); and finally the balance of the purchase price, One Hundred Thousand Dollars ($100,000), C.C.P., Inc. furnished Chalmette Cinema with two promissory notes each in the sum of Fifty Thousand Dollars ($50,000) and each payable in monthly installments.
At the act of sale, these promissory notes were orally assigned to Bob Thompson and Salvador Papa, the sole stockholders of Chalmette Cinema III, Inc. Each stockholder was assigned one note. Thompson in turn assigned his note in writing to W. Heller Company. Papa, however, continued' possession of the remaining note and at the act of sale Papa was given four post-dated checks of Ten Thousand Dollars ($10,000), each payable directly to Papa and drawn by C.C.P., Inc. These checks became due: July 17, 1981; August 17, 1981; September 17, 1981 and October 17, 1981.
On September 28, 1981, Neon Sign Service, Inc., plaintiff, filed a petition in First Parish Court for the Parish of Jefferson, Division “B”, to make their foreign judgment against Chalmette Cinema III, Inc. executory. Neon Sign additionally requested a garnishment of C.C.P., Inc. and the garnishment was issued and subsequently served improperly through an employee, *611 Steve Willimet, on October 6, 1981. Neon Sign requested service be made on Raymond Peacock, president and registered agent for C.C.P., Inc. However, on October 13,1981, service was again improperly made on Willimet. On November 4, 1981, Raymond Peacock then filed an unsworn answer to the garnishment denying that C.C.P., Inc. had any money, rights, credits or other property belonging to Chalmette Cinema except for the sum of $50,000 which had been previously assigned to Walter Heller and Company. Neon Sign then filed a motion to traverse the garnishment answers.
A trial of the motion was conducted on December 16, 1981, and judgment was rendered April 20, 1982 against the mover Neon Sign. Thereby, mover’s rule was dismissed and Neon Sign has appealed.
The single issue before this court is whether or not the trier of fact was manifestly erroneous in concluding that at the time of the garnishment, C.C.P., Inc. had no property of and was not indebted to the judgment debtor Chalmette Cinema III, Inc.
The law is clear that where the garnishee’s answer is not sworn as required by statute, such will be treated as a failure to answer and thus will constitute a prima facie proof of indebtedness to the judgment debtor. LSA-C.C.P. arts. 2412-14; Mid-South Packaging, Inc. v. Carter Hunter, d/b/a Hunter Agency, 382 So.2d 266 (La.App. 4th Cir.1980). However, this prima facie proof that he is indebted to the judgment debtor, may be overcome if the defendant in motion can present sufficient evidence that he had no property of and was not indebted to the judgment debtor. LSA-C.C.P. art. 2413; Mid-South Packaging, Inc. v. Carter Hunter, d/b/a Hunter Agency, supra.
At question here is C.C.P., Inc.’s check # 004 in the amount of $10,000, and given to Salvador Papa at the act of sale in July, 1981, but postdated October 17, 1981. It is appellant’s contention that since his garnishment against garnishee, C.C.P., Inc., was issued September 29, 1981, then this last check, postdated October 17, 1981, was still in the control of C.C.P., Inc. Thus, they were still indebted to the judgment debtor when the garnishment took effect.
At the trial, only Peacock was called to testify. It was his uncontradicted testimony that, at the act of sale, the note due to the judgment debtor, Chalmette Cinema III, Inc., was orally assigned to Salvador Papa. In support of this, the postdated checks issued by C.C.P., Inc. to pay the debt were introduced into the record and all were made payable to Salvador Papa.
The trier of fact followed the guidelines of Mid-South Packaging, supra, and concluded that although Peacock’s unsworn answer was prima facie that C.C.P., Inc. was indebted to the judgment debtor, defendant in motion had presented sufficient evidence to overcome the prima facie case. In his written reasons, Judge Lockhart made clear his factual conclusions upon which he based his judgment. We believe those, findings to be correct and well founded considering the evidence before him. Absent a showing that these conclusions are clearly wrong, we find no compelling reason to disturb them. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The judgment dismissing appellant’s rule was therefore correct.
Accordingly, the judgment of the First Parish Court for the Parish of Jefferson is affirmed and costs are assessed against the appellant.
AFFIRMED.