BYRNES, Judge.
This case involves a garnishment. James C. Craig, plaintiff-appellant obtained a judgment against Debbie Mabry in an action on a promissory note. Mabry is a horse trainer and Craig, believing that Ma-bry was owed money by the Fair Grounds, filed for garnishment proceedings against “Fair Grounds Race Track”. The Fair Grounds filed an exception urging that its name was Fair Grounds Corporation not Fair Grounds Race Track. This exception was maintained and Craig amended his petition to name Fair Grounds Corporation as garnishee. The Fair Grounds filed an answer to garnishment interrogatories admitting a $29.00 debt to Mabry. This answer was signed by the Fair Grounds attorney but was not sworn. Craig then moved for judgment under C.C.P. Art. 2413 in the amount of $13,000.00 plus attorney’s fees and costs based on the Fair Grounds failure to comply with C.C.P. Art. 2412 which requires a sworn answer to garnishment interrogatories to be filed within 15 days of service of the interrogatories.
On the day of the hearing on Craig’s motion the Fair Grounds sought to file an affidavit which outlined its debt to Mabry. The trial judge did not allow this affidavit into evidence because he ruled that the unsworn answer filed by the attorney for the Fair Grounds was sufficient to satisfy C.C.P. Art. 2412. In support of his position the trial court cited Legier v. Legier, 357 So.2d 1203 (La.App. 4th Cir.1978). That case held that an attorney may sign the answer • to garnishment interrogatories. However, the answer in that case was sworn. We find the answer in the present case was insufficient as it was unsworn. See Mid South Packing v. Hunter, 382 So.2d 266 (La.App. 4th Cir.1980).
Under C.C.P. Art. 2413 failure to file a sworn answer to garnishment interrogatories creates a' prima facie case against the garnishee. However, C.C.P. Art. 2413 also provides that the garnishee against whom this presumption is raised may rebut the prima facie case by presenting evidence of its actual debt to the defender. In such a case, the judgment is limited to the amount shown to be owed by the garnishee plus a mandatory award of costs and attorney’s fees to the plaintiff. C.C.P. Art. 2413.
The Fair Grounds clearly failed to comply with C.C.P. Art. 2412 by filing an un-sworn answer to garnishment interrogatories. Under Article 2413, a prima facie case was established against the Fair Grounds and they should have been given an opportunity to present evidence of its actual debt. This was not done in this case.
Accordingly, we reverse the judgment of the trial court and remand the case for a hearing to be conducted in accordance with C.C.P. Art. 2413.
Costs of this appeal are to be borne equally by the parties.
REVERSED AND REMANDED.