DUFRESNE, Judge.
This case involves a garnishment. River Parish Financial Services, Inc. (plaintiff-garnishor) obtained a default judgment on December 7, 1983, against Herman Gardner (defendant-debtor) in an action to enforce a promissory note. River Parish had knowledge that Herman Gardner was employed by Jones Chemicals, Inc. (employer-garnishee) and believing Jones owed money to Herman Gardner, filed for garnishment proceeding against Jones. River Parish filed garnishment interrogatories on January 16, 1984, and had Jones served. Jones failed to timely file sworn answers to these garnishment interrogatories, consequently River Parish moved for judgment under LSA-C.C.P. art. 2413, praying for Judgment Pro Confesso.
The hearing on the Rule for Judgment Pro Confesso was set for August 30, 1984. However, prior to this hearing the garnishee, Jones, filed its answers to the garnishment interrogatories on July 13, 1984, stating “Herman Gardner (the judgment debtor) resigned from this company (Jones) on May 11, 1984.” After the hearing on the Pro Confesso Rule there was judgment rendered in favor of River Parish and against the defendant in rule, Jones Chemical in the amount of $627.95, together with interest at the rate of 36% from December 29, 1982, until January 15, 1984, and at the rate of 18% thereafter until paid, and 25% on both principal and interest as attorney’s fees. Furthermore, Jones was held to pay all court cost and $250.00 as attorney’s fees for having to bring the rule. From this judgment Jones (garnishee) has devolutively appealed and assigns the following specifications of error:
I.The trial court erred in granting judgment pro confesso in favor of River Parish Financial Services, Inc. on a petition for garnishment of wages.
II.The trial court erred in granting what constitutes a default judgment against garnishee for the amount of the original judgment where the relief sought was for judgment pro confesso.
III. Alternatively, the trial court erred in granting judgment pro confesso in favor of River Parish Financial Services, Inc. when answers to the garnishment interrogatories had been filed in the record by garnishee prior to the time of hearing and said answers clearly indicated that the judgment debtor had left the employ of the garnishee.
IV. Further in the alternative, the trial court erred in granting judgment pro confesso in favor of River Parish Financial Services, Inc. in the full amount of the original judgment, plus interest, attorneys’ fees and costs where there was insufficient evidence to grant judgment in its entirety as prayed for.
Under the law of this State a garnishment proceeding is nothing more than a streamlined legal process for obtaining seizure of property of a judgment debtor in the hands of a third party, First National Bank of Commerce v. Boutall, 422 So.2d 1159 (La.1982).
Article 2413 of the Code of Civil Procedure provides as follows:
“If the garnishee fails to answer within the delay provided by Article 2412, the judgment creditor may proceed by con *1027 tradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs. The failure of the garnishee to answer prior to the filing of such a contradictory motion is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest and costs.
Judgment shall be rendered against the garnishee on trial of the motion unless he proves that he had no property of and was not indebted to the judgment debtor. If on the trial of such motion, the garnishee proves the amount of such property or indebtedness, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness, as provided in Article 2415.
Regardless of the decision on the contradictory motion, the court shall render judgment against the garnishee for the costs and a reasonable attorney’s fee for the motion.” (emphasis added)
Thus, according to the clear wording of the applicable statutes, the effect of the garnishee’s failure to answer under oath prior to the filing of the contradictory motion to show cause, is prima facie proof that the garnishee has property of or is indebted to the judgment debtor to the extent of the judgment, interest and costs. As in this case, the law clearly provides that judgment shall be rendered against the garnishee upon trial of the rule to show cause unless the garnishee (Jones) proves that it had no property of and was not indebted to the judgment debtor.
Although the garnishee (Jones) alleges that it knew before the hearing on the contradictory motion of the judgment creditor (River Parish) that the judgment debtor did not work for them anymore, the record is void of any proof of evidence of this allegation. In fact, the garnishee did not even appear at the show cause hearing held on August 30, 1984.
We therefore, hold because no evidence was presented to contradict River Parish’s statutorily acquired prima facie case, the judgment in favor of River Parish Financial Services, Inc. was correct.
Furthermore, the appellee has answered the appeal and urges that the appellant’s appeal is frivolous and without basis. We agree and order that all costs of the appeal be paid by the appellant, Jones Chemical Inc. and that attorney’s fees of an additional $250.00 be paid to appellee for having to defend this appeal.
Accordingly, the judgment of the trial court is affirmed but amended to provide for additional attorney’s fees of $250.00.
All costs to be paid by the appellant.
AMENDED, AND AS AMENDED, AFFIRMED.