HALL, Chief Judge.
Garnishee, Pine Belt Multi-Purpose Community Action, appeals from the judgment of the trial court in favor of plaintiff, Lewis Shoe Company, Inc. d/b/a Lewis Furniture, Inc., on plaintiff’s rule for a judgment pro confesso in plaintiff’s garnishment proceedings. For the reasons expressed herein, this matter is remanded to the trial court for further proceedings.
*889 Plaintiff obtained judgment against Michael Jacobs on an open account for $777.95, together with interest, attorney’s fees and the costs of the proceedings. In execution of its judgment, plaintiff then filed a petition for garnishment naming as garnishee the defendant’s employer, Pine Belt Multi-Purpose Community Action and served the garnishee with interrogatories. Upon failure of the garnishee to answer the interrogatories within the mandatory fifteen day period provided by LSA-C.C.P. Art. 2412, plaintiff then filed a rule for a judgment pro confesso. On the day set for the hearing on the rule, the garnishee filed answers to the interrogatories. The answers were signed by an attorney but were not sworn under oath. In its answers, the garnishee stated that the defendant was employed by it but had instituted federal bankruptcy proceedings and that defendant’s wages were already subject to a prior garnishment.
The transcript of the hearing held on the rule reflects that when the matter was called the trial court asked for a stipulation that the garnishment was filed and served and that no answer to the interrogatories was filed until the date of the hearing. The attorneys agreed to the stipulation and then the trial court ordered that the matter be submitted on briefs. It appears that no evidence was introduced by either party.
In its reasons for judgment, the trial court noted that pursuant to LSA-C.C.P. Art. 2413, the garnishee’s failure to answer prior to the filing of a contradictory motion is prima facie proof that the garnishee is indebted to the debtor. The court rendered judgment in favor of the plaintiff and against the garnishee in the amount of the plaintiffs judgment against the defendant, together with all costs of the proceedings and attorney’s fees in the amount of $100.00.
The general garnishment provisions contained in LSA-C.C.P. Art. 2411 et seq. and the special provisions for the garnishment of wages contained in LSA-R.S. 13:3921 et seq. must be considered as mutually supportive and should be applied in each applicable situation. Special procedures exist for the garnishment of wages, salaries, and commissions due to the tenuous relationship often existent in employment and the provisions, both state and federal, exempting a certain percentage of an employee’s wages from seizure. Beneficial Finance Co. of La. v. Haviland, 411 So.2d 1102 (La.App. 4th Cir.1982), writ denied, 415 So.2d 942 (La.1982) and Commercial Securities Co., Inc. v. Corsaro, 417 So.2d 1346 (La.App. 3d Cir.1982).
LSA-C.C.P. Art. 2413 provides as follows:
If the garnishee fails to answer within the delay provided by Article 2412, the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs. The failure of the garnishee to answer prior to the filing of such a contradictory motion is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs.
Judgment shall be rendered against the garnishee on trial of the motion unless he proves that he had no property of and was not indebted to the judgment debtor. If on the trial of such motion, the garnishee proves the amount of such property or indebtedness, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness, as provided in Article 2415.
Regardless of the decision on the contradictory motion, the court shall render judgment against the garnishee for the costs and a reasonable attorney’s fee for the motion.
As noted by the court in Craig v. Mabry, 446 So.2d 1390 (La.App. 4th Cir.1984), the failure to file a sworn answer to garnishment interrogatories creates a pri-ma facie case against the garnishee under the article; however, the garnishee against whom this presumption is raised may rebut the prima facie case by presenting evidence of its actual debt or lack thereof to the *890 defendant. See also Mid-South Packaging, Inc. v. Carter Hunter, d/b/a Hunter Agency, 382 So.2d 266 (La.App. 4th Cir.1980) and Neon Sign Services, Inc. v. Chalmette Cinema, 427 So.2d 609 (La.App. 5th Cir.1983).
LSA-C.C.P. Art. 2413 contemplates that a contradictory hearing should be conducted on the motion and that the garnishee be given an opportunity to present evidence of the actual indebtedness, employment of the debtor, prior garnishments, and other facts relevant to the garnishment proceedings. From the transcript of the hearing in the instant case, it does not appear that the garnishee was given the opportunity to present pertinent evidence.
Accordingly, the judgment is reversed and the case is hereby remanded to the trial court for a hearing to be conducted in compliance with LSA-C.C.P. Art. 2413, at which hearing the garnishee should be given an opportunity to present pertinent evidence.
Plaintiff-appellee answered the garnishee’s appeal requesting an award of damages and attorney’s fees for a frivolous appeal. Since we find the garnishee’s appeal to be meritorious, the appeal obviously cannot be deemed frivolous.
For these reasons, the judgment in favor of plaintiff, Lewis Shoe Company, Inc. d/b/a Lewis Furniture, Inc., and against garnishee, Pine Belt Multi-Purpose Community Action, is reversed and set aside. The case is remanded to the trial court for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed to the plaintiff-appellee.
REVERSED AND REMANDED.