CRAIN, Judge.
After having obtained a money judgment against Ben Texada, plaintiff filed a petition for garnishment with Pelican Office Supply, Inc., Texada’s alleged employer, named as garnishee. Garnishment interrogatories were served on the garnishee, and Pelican, through its President, William E. Casselberry, answered the interrogatories by writing answers in longhand on the garnishment interrogatories, signing them and filing them with the Clerk of Court. Plaintiff then filed a rule against Pelican for judgment pro confesso claiming the answers to the interrogatories were not answers at all because they were not sworn to before a notary or any other officer authorized to administer oaths. The trial court dismissed the rule and plaintiff appealed urging in three assignments of error that the trial court erred in not rendering a judgment against Pelican for the full amount of the Texada judgment for failing to answer the interrogatories; in not granting attorney fees for plaintiff having to bring the rule, and in not ordering the Clerk of Court to return $15 which was not used, but was deposited by plaintiff in the registry of the court to pay for the notarial fee of the garnishee in answering the interrogatories.
JUDGMENT PRO CONFESSO IN THE AMOUNT OF THE TEXADA JUDGMENT
The trial court was clearly correct in not rendering a judgment against Pelican for the amount of the Texada judgment. According to La.C.C.P. art. 2413 if the garnishee fails to answer the interrogatories propounded the judgment creditor can proceed against the garnishee for the amount of the judgment together with interest and cost. On trial of the motion the failure of the garnishee to answer is prima facie proof that he has property of the judgment debtor or is indebted to the judgment debtor in an amount sufficient to satisfy the judgment. Judgment will then be rendered against the garnishee unless the garnishee proves he has no property of the judgment debtor and is not indebted to the judgment debtor. Our review of the record indicates uncontradicted proof by the garnishee on trial of the motion that the judgment debtor, Texada, was not employed by the garnishee nor did the garnishee owe anything to the judgment debt- or. Consequently, even without answers to the interrogatories plaintiff is not entitled to a judgment against the garnishee in the amount of the judgment against the judgment debtor.
ATTORNEY FEES
La.C.C.P. art. 2413 provides that if there is no answer by the garnishee to the interrogatories, the judgment creditor is entitled to a judgment against the garnishee for the costs and reasonable attorney fees for having to bring the motion regardless of the decision on the merits of the motion. Consequently, it must be determined whether there were answers to the interrogatories by the garnishee to decide whether attorney fees are due.
La.C.C.P. art. 2412 provides that when interrogatories are served on the garnishee, the “garnishee shall file his sworn answers to the interrogatories within fifteen days from the date of service”. This language has been interpreted by the first and fourth circuits to be mandatory, thereby precluding answers in the form of an unsworn telegram, and a signed but unsworn letter. Mid-South Packaging, Inc. v. Hunter, d/b/a Hunter Agency, 382 So.2d 266 (La.App. 4th Cir.1980), Mid-City Investment Co. v. Batiste, 248 So.2d 88 (La.App. 1st Cir.1970), writ not considered 248 So.2d 585 (La.1971). Further, the un-sworn answers are considered no answer, allowing the judgment creditor to proceed by motion under La.C.C.P. art. 2413 rather than requiring the traverse of insufficient answers under La.C.C.P. art. 2414. We do not see a distinction between the case before us and the Mid-South Packaging, Inc. and Mid-City Investment Co. cases. Consequently, the judgment creditor is entitled to proceed against the garnishee under La.C.C.P. art. 2413 and is entitled to reasonable attorney fees and costs for bringing the motion regardless of its resolution.
*846 From our review of the record we find that $500 will be adequate attorney fees for the motion and this appeal. We also order that the $15 fee deposited by the judgment creditor be returned in accordance with La.R.S. 13:3927. All costs of this proceeding are assessed against the appel-lee, Pelican.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
LeBLANC, J., concurs in the result.