664 So.2d 1199 (1995)
HOUMA MORTGAGE & LOAN, INC.
v.
Tyra MARSHALL & Milton Scott (Shoney's, Inc.).
No. 94 CA 0728.
Court of Appeal of Louisiana, First Circuit.
November 9, 1995.
*1201 Edmund J. Connely, Houma, for Plaintiff/Appellee, Houma Mortg. & Loan, Inc.
Aimee Carriere, New Orleans, for Defendant/Appellant, Shoney's, Inc.
Before CARTER, PITCHER, JJ., and CRAIN[1], J. Pro Tem.
CARTER, Judge.
This is an appeal from a trial court judgment in a garnishment proceeding.

BACKGROUND
On or about October 23, 1991, Tyra S. Marshall and Milton Scott entered into a promissory note for $2,589.30[2] with Houma Mortgage and Loan, Inc. (Houma Mortgage) for the purchase of a 1985 Ford Escort. Under the terms of the promissory note, Marshall and Scott agreed to make eighteen monthly payments of $143.85. The interest rate on the note was 18%, and Marshall and Scott also agreed to pay attorney's fees of 25%.
Marshall and Scott made payments totalling $1,071.38, leaving a $1,517.92 balance on the promissory note. On October 8, 1992, *1202 Houma Mortgage filed a suit on the promissory note against Marshall and Scott for $1,517.92 together with interest of 18% plus 25% attorney's fees. By judgment, dated November 19, 1992, the trial court rendered judgment in favor of Houma Mortgage and against Marshall and Scott for $1,517.92, together with interest thereon from maturity at the same rate previously charged on the obligation, but beginning one year after contractual maturity interest of 18%. The judgment also awarded Houma Mortgage 25% of the principal and interest as attorney's fees and all costs of the proceedings.

FACTS
On February 22, 1993, Houma Mortgage filed the instant petition for garnishment against Shoney's, Inc., as Marshall's employer. Houma Mortgage also propounded garnishment interrogatories to Shoney's, requesting information regarding Marshall's employment, rate of compensation, manner in which wages were paid, indebtedness to Marshall, and payments to Marshall. Shoney's did not file an answer to Houma Mortgage's petition for garnishment. However, in response to the garnishment interrogatories, on March 22, 1993, Shoney's filed into the record a copy of the garnishment interrogatories previously filed by Houma Mortgage. On this copy, Shoney's had hand-written its responses, noting that Marshall was employed as a waitress at the rate of $2.13 per hour plus tips and was paid weekly on Mondays. Shoney's also responded that it did not owe Marshall any funds and that it did not have any funds belonging to Marshall in its possession. The response was not signed by any representative of Shoney's.
On March 31, 1993, Houma Mortgage filed a rule to show cause why Shoney's should not be required to pay Houma Mortgage the full amount of the judgment rendered against Marshall. On July 6, 1993, Shoney's filed into the record a form letter, indicating that Marshall had been terminated, effective June 20, 1993. Thereafter, on July 9, 1993, Shoney's failed to appear at the rule to show cause, and the trial judge rendered judgment in favor of Houma Mortgage and against Shoney's for $1,517.92, together with 18% interest after contractual maturity and 25% of the principal and interest as attorney's fees, and for all costs. The judgment was signed on July 13, 1993.
Houma Mortgage then instituted garnishment proceedings against South Louisiana Bank & Trust Company (South Louisiana Bank), alleging that the bank had in its possession property belonging to Shoney's. South Louisiana Bank responded that it had in its possession a Shoney's bank account with a balance of $4,556.33 on deposit at the time of service of the garnishment. By judgment dated October 11, 1993, the trial court rendered judgment in favor of Houma Mortgage and against South Louisiana Bank for the following amounts:

Principal $1,517.92
Interest $ 513.26
Attorney's fees $ 507.79
Clerk of Court cost $ 600.00
Sheriff's commission $ 188.33
 _________
 $3,327.30

The fee for the attorney for the garnishee was fixed at $25.00.
On November 12, 1993, Shoney's filed a motion to reopen the garnishment and/or to set aside the garnishment judgment. Shoney's alleged that it had timely responded to the garnishment interrogatories and that those responses revealed that Marshall's wages were exempt from seizure pursuant to LSA-R.S. 13:3881 in that Marshall did not earn wages greater than "thirty times the federal minimum hourly wage in effect at the time the earnings are payable." Shoney's also alleged that Marshall had left its employ and that the effects of the garnishment ceased immediately upon the termination of such employment. Shoney's reasoned that, because it timely filed its answer to the garnishment interrogatories and because Marshall left its employ prior to the seizure of its bank account, the seizure of its bank account was wrongful.
After a hearing, the trial court rendered judgment on December 10, 1993, denying Shoney's motion to reopen the garnishment and/or to set aside the garnishment judgment.
*1203 From this adverse judgment, Shoney's appeals, raising the following specifications of error:[3]
1. The trial court abused its discretion in failing to reopen a garnishment proceeding when the garnishment judgment was obtained three days after the employer/garnishee filed a notice of termination with the court.
2. The trial court erred in ignoring responses to garnishment interrogatories filed by Shoney's.
3. The trial court judgment against Shoney's may constitute ill practices sufficient to warrant an annulment of the judgment.

GARNISHMENT
Under the law of this state, a garnishment proceeding is nothing more than a streamlined legal process for obtaining the seizure of property of a judgment debtor in the hands of a third party. First National Bank of Commerce v. Boutall, 422 So.2d 1159, 1161 (La.1982); River Parish Financial Service, Inc. v. Stewart, 474 So.2d 1025, 1026 (La.App. 5th Cir.1985). The test of a garnishee's liability to the judgment creditor is whether the garnishee has in his hands the principal debtor's property, funds, or credits for the recovery of which the debtor has a present subsisting cause of action. Pine Tree Associates v. Subway Restaurants, Inc., 93-603 p. 5 (La.App. 5th Cir. 9/14/94); 643 So.2d 1271, 1274; writ denied, 94-2537 (La. 12/9/94); 647 So.2d 1120.
Garnishment proceedings generally are governed by the Code of Civil Procedure, Article 2411 et seq. Garnishment of the debtor's wages is a procedure specifically governed by LSA-R.S. 13:3921 et seq., along with the general provisions found in the Code of Civil Procedure. Smetherman v. Wilson Oil Company, Inc., 93-1165, (La.App. 3rd Cir. 4/6/94); 635 So.2d 593, 595.
LSA-C.C.P. art. 2411 addresses the garnishment proceeding and provides, in pertinent part, as follows:
A. The judgment creditor, by petition and after the issuance of a writ of fieri facias, may cause a third person to be cited as a garnishee to declare under oath what property he has in his possession or under his control belonging to the judgment debtor and in what amount he is indebted to him, even though the debt may not be due. He may require the third person to answer categorically and under oath the interrogatories annexed to the petition within the delay provided by Article 2412.
B. The seizure shall take effect upon service of the petition, citation, and interrogatories.
Under the plain wording of LSA-C.C.P. art. 2411, the seizure effected by a garnishment proceeding becomes effective upon service of the petition, citation, and interrogatories. May v. Market Ins. Co., 373 So.2d 763, 768 (La.App. 3rd Cir.), writ granted on other grounds, 376 So.2d 958, writ denied, 376 So.2d 960 (La.1979); Owen v. Owen, 335 So.2d 529, 531 (La.App. 2nd Cir. 1976). In wage garnishment, the seizure includes both accrued and future earnings and makes the garnishee the legal custodian of the wages to be held by him until further orders of the court. Owen v. Owen, 335 So.2d at 531. However, this seizure is merely a constructive one, intended to immobilize the property until it can be distributed by court order. May v. Market Ins. Co., 373 So.2d at 768.
LSA-R.S. 13:3924 addresses the interrogatories and answers to those interrogatories and provides as follows:
The interrogatories to be served upon the garnishee shall include a question, or questions, the answer to which shall inform the court as to whether or not the defendant in the suit is employed by the garnishee, and, if not, where and by whom the defendant is presently employed and residing, if known to the garnishee, and, if employed by the garnishee, what his rate of compensation is, in what manner it is paid, and whether or not there are other *1204 judgments or garnishments affecting such wage, salary or compensation, and, if so, the status thereof.
LSA-C.C.P. art. 2412 addresses the delays for answering garnishment interrogatories and provides, in pertinent part, as follows:
The garnishee shall file his sworn answers to the interrogatories within fifteen days from the date of service.
These articles clearly require that sworn answers to the garnishment interrogatories be filed within the appropriate delays. It is the duty of the garnishee to answer all proper questions and interrogatories and to make all proper disclosures concerning his indebtedness to the debtor or concerning property of the latter in his possession. Commercial Securities Company, Inc. v. Corsaro, 417 So.2d 1346, 1351 (La.App. 3rd Cir.1982). Moreover, the law is clear that where the garnishee's answer is not sworn as required by statute, it will be treated as a failure to answer. Metropolis, Inc. v. Texada, 554 So.2d 844, 845 (La.App. 1st Cir.1989); vacated on other grounds, 565 So.2d 425 (La.1990); Neon Sign Services, Inc. v. Chalmette Cinema, III, Inc., 427 So.2d 609, 611 (La.App. 5th Cir.1983).
LSA-C.C.P. art. 2413 addresses the effects of the garnishee's failure to answer and provides as follows:
If the garnishee fails to answer within the delay provided by Article 2412, the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs. The failure of the garnishee to answer prior to the filing of such a contradictory motion is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs.
Judgment shall be rendered against the garnishee on trial of the motion unless he proves that he had no property of and was not indebted to the judgment debtor. If on the trial of such motion, the garnishee proves the amount of such property or indebtedness, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness, as provided in Article 2415.
Regardless of the decision on the contradictory motion, the court shall render judgment against the garnishee for the costs and a reasonable attorney's fee for the motion.
Under the clear wording of the statute, the effect of the garnishee's failure to answer under oath prior to the filing of the contradictory motion to show cause is prima facie proof that the garnishee has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs. Metropolis, Inc. v. Texada, 554 So.2d at 845; River Parish Financial Service, Inc. v. Stewart, 474 So.2d at 1027; Craig v. Mabry, 446 So.2d 1390, 1391 (La.App. 4th Cir.1984). In other words, the failure of the garnishee to file his answer within the delay provided by law results in the plaintiff being entitled to seek a judgment pro confesso against the garnishee. Commercial Securities Company, Inc. v. Corsaro, 417 So.2d at 1349. However, this prima facie proof that the garnishee is indebted to the judgment debtor may be overcome, if the garnishee can present sufficient evidence that he had no property of and was not indebted to the judgment debtor. LSA-C.C.P. art. 2413; Neon Sign Services, Inc. v. Chalmette Cinema, III, Inc., 427 So.2d at 611.
Therefore, although the failure to file a sworn answer to garnishment interrogatories creates a prima facie case against the garnishee under LSA-C.C.P. art. 2413, the garnishee against whom this presumption is raised may rebut the prima facie case by presenting evidence of its actual debt or lack thereof to the defendant. Lewis Shoe Company, Inc. v. Jacobs, 482 So.2d 888, 889-90 (La.App. 2nd Cir.), writ denied, 486 So.2d 755 (La.1986); Craig v. Mabry, 446 So.2d at 1391. The judgment pro confesso is not self-executory, and until a contradictory motion is filed against the garnishee for the amount of the judgment, the stage is not set for a default judgment against the garnishee. Commercial Securities Company, Inc. v. Corsaro, 417 So.2d at 1349. LSA-C.C.P. art. 2413 clearly contemplates that a contradictory hearing should be conducted on the motion and that the garnishee should be given *1205 an opportunity to present evidence of the actual indebtedness, employment of the debtor, prior garnishments, and other facts relevant to the garnishment proceedings. Up until the time the rule is heard, the court may permit the garnishee to file his answers in an attempt to rebut the judgment creditor's prima facie case. Commercial Securities Company, Inc. v. Corsaro, 417 So.2d at 1349.
However, after a hearing on the rule to show cause, judgment shall be rendered against the garnishee, unless the garnishee proves that he had no property of and was not indebted to the judgment debtor. Metropolis, Inc. v. Texada, 554 So.2d at 845; River Parish Financial Service, Inc. v. Stewart, 474 So.2d at 1027. Stated another way, pursuant to LSA-C.C.P. art. 2413, the garnishee is liable to the judgment creditor for the full amount of the unpaid debt when the garnishee fails to answer and fails to prove at a contradictory hearing that he has no property of and is not indebted to the judgment debtor. Smetherman v. Wilson Oil Company, Inc., 635 So.2d at 595.
In the instant case, the first issue to be resolved is whether the responses to the garnishment interrogatories filed by Shoney's were proper. A review of the pleadings reveals that, in response to the garnishment interrogatories, Shoney's inserted hand-written answers into the interrogatories and filed those responses into the record. However, the responses were not answered under oath, nor were the responses signed by any representative of Shoney's. The statutory language of LSA-C.C.P. art. 2412 and the jurisprudence clearly require that responses to garnishment interrogatories be answered under oath.[4]
As a result, Shoney's failure to answer the interrogatories under oath should be treated as a failure to answer and constitutes prima facie proof that Shoney's had property of or was indebted to Marshall to the extent of the judgment. It was then incumbent upon Shoney's to rebut the prima facie case by presenting evidence at the contradictory hearing of the actual debt or lack thereof to Marshall. At that hearing, Shoney's was afforded the opportunity to present evidence of the actual indebtedness, employment of the debtor, exemption of the wages from seizure, and other facts relevant to the garnishment proceedings. However, Shoney's did not appear at the hearing on the rule to show cause and prove that it had no property of and was not indebted to the judgment debtor. In accordance with the law, judgment was properly rendered against Shoney's.[5]

MOTION TO REOPEN GARNISHMENT
Having determined that the initial judgment of garnishment was proper, we must *1206 determine whether the trial judge erred in refusing to reopen the garnishment and/or set aside the garnishment judgment.
LSA-R.S. 13:3923[6] provides that the trial court retains jurisdiction in a wage garnishment proceeding to reopen the case. Commercial Securities Company, Inc. v. Corsaro, 417 So.2d at 1348. Pursuant to this statutory provision, any party may reopen a garnishment proceeding to amend or modify the judgment. Johnson v. Fulwood, 398 So.2d 1151, 1153 (La.App. 4th Cir.1981). This is true even though the garnishee failed to timely answer the garnishment interrogatories and a default judgment was rendered against him. Commercial Securities Company, Inc. v. Corsaro, 417 So.2d at 1349. Moreover, under this statute, the court may grant retroactive relief from such judgment. Commercial Securities Company, Inc. v. Corsaro, 417 So.2d at 1348.
LSA-R.S. 13:3923 also stipulates that the wage garnishment is terminated contemporaneously with the termination of the judgment debtor. Benoit v. Fleet Finance, Inc., 602 So.2d 182, 185 (La.App. 3rd Cir.1992); Farrell v. Farrell, 446 So.2d 790, 792 (La.App. 4th Cir.1984); Johnson v. Fulwood, 398 So.2d at 1153. The employer, logically, is in the best position to know at what point the judgment debtor is no longer employed by him. Thus, when a judgment creditor files a rule for an accounting and establishes by competent evidence that he has not been paid in accordance with the original judgment, then the burden of proof shifts to the employer to explain his failure to transmit the garnished wages. Johnson v. Fulwood, 398 So.2d at 1153-54. However, LSA-R.S. 13:3923 does not place an affirmative duty on the employer to seek immediate modification of the judgment of garnishment once the debtor leaves his employ. The last sentence of LSA-R.S. 13:3923 permits the garnishee against whom a default judgment is rendered to have the case reopened in a modification proceeding. Johnson v. Fulwood, 398 So.2d at 1154.
At the hearing on the motion to reopen the garnishment, Shoney's argued that the garnishment judgment should be set aside for several reasons. First, Marshall ceased being employed by Shoney's on June 20, 1993, as reflected by a letter from the legal deductions clerk for Shoney's, which had been filed into the record on July 6, 1993, prior to the garnishment judgment. Second, the answers to the garnishment interrogatories showed that, because Marshall earned only $2.13 per hour, her wages were exempt from seizure under LSA-R.S. 13:3881.[7]
*1207 Although the law clearly provides that wage garnishment is terminated contemporaneously with the termination of the judgment debtor and that certain wages are exempt from seizure, it is incumbent upon the garnishee to establish those facts. The law is clear that, when a judgment creditor files a rule for an accounting and establishes by competent evidence that he has not been paid in accordance with the original judgment, then the burden of proof shifts to the employer to explain his failure to transmit the garnished wages. See Johnson v. Fulwood, 398 So.2d at 1154.
At the hearing on the motion to reopen the garnishment and/or to set aside the garnishment judgment, Shoney's did not present any evidence to establish its contentions. Its unsworn answer to the garnishment interrogatories and a letter from an employee of Shoney's, which had previously been filed into the record and rejected as competent evidence of the facts asserted therein, did not establish that Marshall's wages were exempt from seizure or that Marshall was no longer employed by Shoney's. Although LSA-R.S. 13:3923 does not place an affirmative duty on the employer to seek immediate modification of the judgment of garnishment once the debtor leaves his employ, it does not exempt the employer from proving that the judgment debtor is no longer employed. At the hearing on the motion to reopen, Shoney's failed to establish its entitlement to such relief. Therefore, we find that the trial court did not err in refusing to reopen the garnishment proceeding or to set aside the garnishment judgment.

WRONGFUL SEIZURE
In its motion to reopen the garnishment, Shoney's alleged that the seizure of its bank account was wrongful. On appeal, Shoney's argues that the trial judge erred in failing to award it damages for wrongful seizure.
When a judgment creditor wrongfully garnishes property, he is answerable in damages to the owner of the property wrongfully seized. Mihalogiannakis v. Jones, 563 So.2d 306, 310 (La.App. 4th Cir. 1990). In order to recover damages for wrongful seizure, a party must prove that the seizure was indeed wrongful. First National Bank of Commerce v. Boutall, 422 So.2d at 1161.
In the instant case, the seizure of Shoney's bank account was effected pursuant to a valid garnishment judgment, and there is no evidence to show that the seizure of Shoney's bank account was wrongful. Accordingly, we find that the trial judge did not err in refusing to award Shoney's damages for wrongful seizure.

CONCLUSION
For the above reasons, the judgment of the trial court, refusing to reopen the garnishment, is affirmed. Shoney's is cast for all costs on appeal.
AFFIRMED.
NOTES
[1] Judge Hillary J. Crain, retired, is serving as judge pro tempore, by special appointment of the Louisiana Supreme Court.
[2] The amount of the note reflected a principal of $1,971.39 together with finance charges of $617.91, bringing the total amount of indebtedness to $2,589.30.
[3] Although the opinion does not address each assignment of error individually, the opinion disposes of all issues raised.
[4] In Mid-South Packaging, Inc. v. Hunter, 382 So.2d 266, 267 (La.App. 4th Cir.1980), the garnishee filed answers to the garnishment interrogatories, the substance of which denied indebtedness to the judgment debtor, within the appropriate delays; however, his responses ignored the requirement of a sworn answer. The court determined that the answer filed by the garnishee was insufficient, and his failure to properly answer the interrogatories was prima facie proof of his indebtedness to the judgment debtor. Although the garnishee was represented at the hearing by an attorney, the court determined that he failed to produce any evidence to contradict the judgment creditor's statutorily-acquired prima facie case.

In Drumm and Associates, Inc. v. Boyd, 413 So.2d 235, 237 (La.App. 4th Cir.1982), the garnishee sent the judgment creditor a telegram, which the court determined did not meet the statutory requirements of an answer.
However, in Foster v. Smith, 244 So.2d 899, 901 (La.App. 1st Cir.), writ denied, 246 So.2d 683 (La.1971), the garnishee filed answers to each of the interrogatories propounded. Although the answers were skimpy, the trial judge determined that the answers sufficiently declared that the judgment debtor was not employed by the garnishee at the time the interrogatories were served nor since that time and that the garnishee owed the judgment debtor only $18.00. The appellate court determined that the answers substantially complied with the requirements of the pertinent statutes. The issue of whether the answers met the requirement that the answer be sworn was not discussed.
[5] In Neon Sign Services, Inc. v. Chalmette Cinema, III, Inc., 427 So.2d 609, 611 (La.App. 5th Cir.1983), the garnishee filed an unsworn answer to the garnishment, denying that it had any funds belonging to the judgment debtor, except for sums which had been assigned to another company. When the judgment creditor traversed the garnishee's responses at a contradictory hearing, the garnishee established that it had no property of and was not indebted to the judgment debtor. In the instant case, Shoney's failed to make any such showing.
[6] LSA-R.S. 13:3923 provides as follows:

It shall not be necessary that more than one writ of garnishment or one set of interrogatories be served in such cases, but the court shall render judgment for the monthly, semimonthly, weekly or daily payments to be made to the seizing creditor according to the manner best suited to the circumstances, until the indebtedness is paid. The garnisher shall serve upon the garnishee the citation, the petition, the garnishment interrogatories, the notice of seizure, and a statement of sums due under the garnishment, such statement to include, but not be limited to, the principal, interest, court costs incurred to date, and attorney's fee due under the judgment. The court, in its discretion, may reopen the case upon the motion of any party concerned for evidence affecting the proper continuance of such judgment, and the court shall retain jurisdiction to amend or set aside its judgment at any time in its discretion; however, all effects of the seizure by garnishment shall cease upon the termination of employment of the debtor with the garnishee, unless the debtor is reinstated or reemployed within one hundred eighty days after the termination. Should judgment by default be taken against any party garnishee, he may obtain a reopening of the case upon proper showing and within the discretion of the court.
[7] LSA-R.S. 13:3881 concerns the general exemptions from seizure and provides, in pertinent part, as follows:

A. The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:
(1)(a) Seventy-five percent of his disposable earnings for any week, but in no case shall this exemption be less than an amount in disposable earnings which is equal to thirty times the federal minimum hourly wage in effect at the time the earnings are payable or a multiple or fraction thereof, according to whether the employee's pay period is greater or less than one week. However, the exemption from disposable earnings for the payment of a current or past due support obligation, or both, for a child or children is fifty percent of disposable earnings, and the exemption from seizure of the disposable earnings for the payment of a current or past due support obligation, or both, for a spouse or former spouse is sixty percent of the disposable earnings. For purposes of this Subsection, if the Department of Social Services is providing support enforcement services to the spouse and a judgment or order for support includes an obligation for both a child or children and a spouse or former spouse, or in any case wherein the judgment or order does not clearly indicate which amount is attributable to support of the child or children and which amount is attributable to support of the spouse or former spouse, the support obligation shall be treated as if it is exclusively for the support of a child or children. (emphasis added.)