PICKETT, Judge.
The plaintiffs, Vernon A. Foster and Jo Ann Foster, obtained a final judgment against Raymond L. Smith for $3,492.28, with interest and costs, on July 7, 1960, in the above entitled suit, and under a writ of fieri facias issued thereon caused Air-Vent Awning, Inc., to be cited as garnishee to declare under oath whether it was indebted to Raymond L. Smith, and if the said Smith was in its employ, his rate of pay, and the manner of payment, and a full disclosure of the terms of such employment. The garnishment proceedings were filed on June 19, 1969, and were served on the garnishee on June 23, 1969. The garnishee timely filed its answer, in which it declared that at the time of service of the interrogatories, it was indebted unto the defendant, Raymond L. Smith, in the sum of $18.00; and that his employment by garnishee was terminated on June 27, 1969, and he was no longer on its payroll. The plaintiffs, alleging the garnishee’s answers were erroneous, inaccurate and misleading, instituted a rule to traverse the answers. The trial court, after the trial of the rule, dismissed the garnishment proceedings, without prejudice of the plaintiffs’ right to collect their judgment in any legal manner. The trial judge rendered judgment against the garnishee and in favor of the plaintiffs for the sum of $50.00 for attorney fees, and all costs of the garnishment proceedings, as provided by LSA-C.C.P. Article 2413. The plaintiffs have appealed.
The appellants complain that the garnishee’s answers to the interrogatories are not in the form required by law, and particularly LSA-R.S. 13:3924, which provides :
“The interrogatories to be served upon the garnishee shall include a question, or *901 questions, the answer to which shall inform the court as to whether or not the defendant in the suit is employed by the garnishee, and, if so, what his rate of compensation is, in what manner it is paid, and whether or not there are other judgments or garnishments affecting such wage, salary or compensation, and, if so, the status thereof.”
The garnishee answered each of the six interrogatories. Although the answers are very brief and skimpy, as observed by the trial judge, they declare that the defendant debtor was not employed by it at the time the interrogatories were served and that he has not since been employed by the garnishee, and that it owed the debtor only $18.00. An examination of the interrogatories and the answers thereto convinces us that the answers substantially comply with the requirements of the pertinent statutes.
The appellants further contend that the trial court erred in its factual interpretation of the evidence adduced on the trial of the rule. They contend that the continued employment of Raymond L. Smith by the garnishee after service of the interrogatories, was sufficiently proved by what amounts to circumstantial evidence, despite testimonial proof to the contrary. They argue that the great increase in the salary of Mrs. Raymond Smith, subsequent to the service of the interrogatories on the garnishee, indicates that the services and earnings of the defendant, Raymond L. Smith, were paid to Mrs. Raymond Smith.
The testimony of Albert Leonard Smith, the Vice-President of the garnishee corporation, shows that defendant, Raymond L. Smith, had worked from time to time on a piece-work basis for the garnishee, prior to service of the garnishment proceedings. The last payment the defendant received was $200.00, paid on June 20, 1969, which was three days before the service of the garnishment proceedings on the garnishee. Mr. Albert Leonard Smith steadfastly denied that defendant performed any services for the garnishee after the garnishment interrogatories were served on the garnishee. He admitted that Raymond L. Smith was his brother and that he had performed some service for him personally, but that the defendant had not worked for, nor had been paid by, the garnishee subsequent to June 20, 1969. Furthermore, he testified that although the garnishee had declared in its answer to the interrogatories that it was indebted to the defendant in the sum of $18.00, it had since been found that the garnishee actually did not owe Raymond L. Smith anything on the date the interrogatories were served. Albert Leonard Smith said he owned forty-nine per cent of the capital stock of the corporation, his wife 'owned one per cent, and Mr. L. A. Dedon owned the remainder of the capital stock.
Mrs. Juanita Voyles testified that she is a bookkeeper; and that she keeps books for the garnishee on a piece work basis. She said an examination of the records of garnishee shows that on June 20, 1969, Check No. 841 for $200.00 was issued by the garnishee to Raymond L. Smith. Airs. Voyles, also, testified that the records of the garnishee showed that Mrs. Gladys Smith, the wife of the defendant, Raymond L. Smith, was paid $75.00 on June 20, 1969, and that thereafter she was paid at frequent intervals various amounts which totalled $1,375.00 from July 8, 1969 to August 28, 1969. Counsel for appellants contend that the great increase in the salary, or remuneration, of Mrs. Gladys Smith is a circumstance that tends to show that the defendant, Raymond L. Smith, was actually employed by the garnishee, and that his wife was being paid therefor by- the garnishee. The trial judge commented on this contention as follows:
“From the testimony there is no doubt in the court’s mind that Mrs. Smith’s services with garnishee were substituted in the place of Mr. Smith’s services. It is also true that she received a fabulous salary for her services. It may be that *902 the change in the services of Mrs. Smith for Mr. Smith was with the purpose of defeating plaintiff’s claim. However, testimony in the record discloses that Mrs. Smith was placed in absolute charge of garnishee’s business and had all the responsibilities going with her position. The checks were made to Mrs. Smith not Mr. Smith and Mr. Leonard Smith, half-owner in garnishee’s business and vice-president, testified under oath that not one cent of the money paid Mrs. Smith was for the services of Mr. Smith.”
Counsel for appellants, also, points out that James A. Sloan, an accountant employed by Mr. Walton Barnes, the attorney for appellants, testified that at the request of Mr. Barnes he called the office of garnishee, and a lady answered the telephone, and when he asked if Mr. Raymond L. Smith was employed there, the lady answered that he was employed then, and had been so employed for some four years prior to that time. Appellants argue that this is another circumstance that shows the answers to the interrogatories were misleading and erroneous. The trial judge commented on this evidence as follows:
“James A. Sloan, an accountant in the services of Mr. Walton Barnes, attorney for plaintiff, testified that he made a phone call to garnishee on June 15, 1969, and that he was told by some lady in the office that Raymond Smith was in garnishee’s employ. Mr. Sloan testified he had no knowledge of who this lady was and he also testified that he did not know Mr. or Mrs. Smith. This testimony is of course pure hearsay and had little probative value.”
The trial court after hearing the witnesses, and having the benefit of the information contained in the payroll records filed in evidence, concluded that the rule to traverse the garnishee’s answers to appellants’ interrogatories should be denied. The appellants’ arguments are very plausible and persuasive. The trial court obviously felt that it was possible that the defendant, Raymond L. Smith, was still rendering services to the garnishee, but in the absence of proof of compensation to the defendant for such work, he was unable to conclude that any continued employment relationship had been proved between the judgment debtor and the Air-Vent Awning, Inc.
The findings of the trial court, of course, are based only on the evidence of employment between June 23, 1969, the date of the garnishment citation, and September 8, 1969, the date of the trial. It does not deny the appellants further garnishment proceedings on the basis of subsequent employment of the judgment debt- or by the garnishee, nor other appropriate remedies. See LSA-C.C.P. Art. 2502.
The trial judge rendered judgment in favor of the appellants and against the garnishee for the costs of the garnishment proceedings in the sum of $50.00 for attorney’s fees for appellants’ attorney. The appellee has not appealed from the ruling of the trial judge, nor has the appellee answered the appeal. Therefore, we will not disturb the ruling of the trial judge on the question of attorney’s fees.
For the foregoing reasons, we affirm the judgment of the trial court.
Affirmed.