363 So.2d 246 (1978)
SECURITY INSURANCE COMPANY OF HARTFORD
v.
Russell HOLLIDAY, Sr.
No. 9855.
Court of Appeal of Louisiana, Fourth Circuit.
October 12, 1978.
*247 Rudolph R. Schoemann, New Orleans, for appellee.
Samuel W. Ethridge, Kenner, for garnishee-petitioner Glen Rogers.
Before SAMUEL, REDMANN and SCHOTT, JJ.
SCHOTT, Judge.
Security Insurance Company of Hartford, Appellee, is the judgment creditor of Russell Holliday, Sr. After obtaining a writ of fieri facias appellee caused Glen D. Rogers, appellant, to be cited as a garnishee and appellant was served in person with the supplemental petition and interrogatories. On March 8, 1977, appellee filed a contradictory motion against appellant for the amount of the judgment against Holliday, and this motion was served on appellant by domiciliary service on March 12, 1977, pursuant to LSA-C.C.P. Art. 2413. Appellant made no appearance and a judgment was taken against him on March 25, 1977. Notice of this judgment was served on appellant on April 25, 1978. Appellant filed a motion for a new trial on May 2, 1978, the same was denied on June 1, 1978, a petition for suspensive appeal was filed on June 27, 1978, and a petition for a devolutive appeal was filed on July 25, 1978.
Appellee has filed a motion to dismiss the suspensive and devolutive appeals on the ground that the delay for taking an appeal commenced to run within seven days after the judgment was taken against appellant, i. e., in 1977. It contends that even though personal service of the contradictory motion against appellant was not made on him a notice of judgment was unnecessary because the supplemental petition against appellant as garnishee and the interrogatories were served in person on him.[1]
The garnishee's failure to answer interrogatories which are served pursuant to Art. 2412 provides a procedural basis for the judgment creditor to move against the garnishee for a judgment. The supplemental petition and interrogatories of themselves do not provide a basis for judgment in the absence of a contradictory motion against the garnishee as provided by Art. 2413. The failure of the garnishee to answer prior to the filing of the contradictory motion is prima facie proof that the garnishee is indebted to the judgment debtor, but the law affords garnishee at the hearing *248 of the motion with an opportunity to rebut the judgment creditor's prima facie proof under the clear wording of Art. 2413. Not until the motion is filed is the stage set for a default judgment against the garnishee. See Midcity Investment Co. v. Batiste, 248 So.2d 88 (La.App. 1st Cir. 1970).
Art. 1913 provides that notice of the signing of a default judgment must be served against a defendant who was not served personally, and the delays for the taking of suspensive and devolutive appeals do not commence to run under these circumstances until such a notice of judgment has been served. In the instant case, the record shows that the petitions for the appeals were timely filed since notice of judgment was not given to appellant until April, 1978.
Accordingly, the motion to dismiss the appeal is denied.
MOTION TO DISMISS DENIED.
NOTES
[1] In its motion appellee states that service of the notice of judgment on appellant, while unnecessary, was made "from an abundance of caution only."