DRAKE, J.
[ gPlaintiff/Appellant, Wynnco Construction, L.L.C. (“Wynnco”), appeals a final judgment of the district court that denied its motion for judgment pro confesso. Garnishee/Defendant/Appellee, Level Construction and Development, L.L.C. (“Level”), answers and appeals the portion of the judgment that awarded attorney fees to Wynnco. For the following reasons, we affirm.

BACKGROUND

This dispute arises out of a garnishment proceeding instituted by the judgment creditor, Wynnco, against the debtor, Jennifer Bergeron. Ms. Bergeron was cast in judgment in February 2012 in the amount of $18,261.24, plus accrued interest and all costs of the proceeding.
Wynnco filed a petition for garnishment of Ms. Bergeron’s wages to satisfy the debt, naming Level garnishee, as the em *825 ployer of Ms. Bergeron. As a result of the filing, the district court issued an order of garnishment, and Level was personally-served with garnishment interrogatories on May 25, 2012. Level provided answers to the garnishment interrogatories in a sworn letter, which was delivered and received by Wynnco on June 12, 2012. Also on June 12, 2012, Wynnco fax filed a motion for judgment pro confesso, seeking the entirety of Ms. Bergeron’s debt, as well as attorney fees from Level.[1]
A contradictory hearing was held on Wynnco’s motion for judgment pro confes-so on September 11, 2012. Following the hearing, on October 5, 2012, the trial court rendered judgment, denying Wynnco’s motion for judgment pro confesso and awarding it $1,000 in attorney fees.[2] Wynnco now appeals. In its | «¡answer, Level requested a reversal of the portion of the judgment that awarded attorney fees to Wynnco.

LAW AND DISCUSSION

Garnishment Proceeding.

Under Louisiana law, a garnishment proceeding is nothing more than a streamlined legal process facilitating a judgment creditor’s seizing property of a judgment debtor in the hands of a third party. Tower Credit, Inc. v. Carpenter, 2001-2875 (La.9/4/02), 825 So.2d 1125, 1127. Garnishment proceedings generally are governed by Louisiana Code of Civil Procedure articles 2411-2417. Id. Service upon the garnishee of the petition, citation, and interrogatories operates to seize any property of or credit due the judgment debtor held by the garnishee at the moment of service, though the amount and kind of such property will not be known until the garnishee answers. Id. at 1128; La. C.C.P. art. 2411(B). It is the garnishee’s duty to answer all proper interrogatories and to make all proper disclosures concerning property of the debtor in its possession. The garnishee must file his sworn answers to the interrogatories within fifteen days from the date of service. La. C.C.P. art. 2412(D). Regarding the judgment debtor who is an employee, from the moment of the seizure, the garnishee becomes the legal custodian of future wages (as well as unpaid current wages) and is obliged to hold them as a custodian subject to the order of the court. Tower Credit, 825 So.2d at 1128. The test of a garnishee’s liability to the judgment creditor is whether the garnishee has in his hands the principal debtor’s property, funds, or credits, for the recovery of which the debtor has a present subsisting cause of action. Id.
 The garnishee’s failure to file a sworn answer to garnishment interrogatories creates a prima facie case against the garnishee under Louisiana Code of Civil LProcedure article 2413,[3] which is rebutta- *826 ble if the garnishee presents evidence of its actual debt or lack thereof to the debt- or. Tower Credit, 825 So.2d at 1128. If the garnishee fails to timely answer the garnishment interrogatories, the seizing creditor may move for a judgment pro confesso, i.e., a judgment against the garnishee for the amount of the judgment, plus interest and costs. See La. C.C.P. art. 2413. The judgment pro confesso is not self executing, and until a contradictory motion is filed against the garnishee for the amount of the judgment, the stage is not set for a default judgment against the garnishee. Tower Credit, 825 So.2d at 1128; see La. C.C.P. art. 2413(A). A contradictory hearing must be conducted on the motion and the garnishee must be given an opportunity to present evidence of the actual indebtedness, employment of the debtor, character of the employment, prior garnishments, and other facts relevant to the garnishment proceeding. After the hearing on the rule to show cause, judgment must be rendered against the garnishee unless he proves that he either had no property of, or was not indebted to, the judgment debtor. Tower Credit, 825 So.2d at 1128; see La. C.C.P. art. 2413(B).
If the garnishee does not satisfy this burden, he may still limit his liability by proving the amount of property or indebtedness owed to the debtor, and the judgment against him shall be limited to the delivery of the property or payment of the 1 .^indebtedness. Tower Credit, 825 So.2d at 1128; see La. C.C.P. arts. 2413(B) and 2415. Where the garnishee establishes that he did not have any funds in his possession or under his control belonging to the debtor at the time of service of garnishment, the district court must deny judgment pro confesso, but must award the creditor the costs and reasonable attorney’s fees associated with the motion for judgment pro confesso. Tower Credit, 825 So.2d at 1130; see La. C.C.P. art. 2413(C).
In the instant case, garnishment interrogatories were personally served upon Level on May 25, 2012. Level provided Wynnco with answers to the garnishment interrogatories in a sworn letter which was received by counsel of record for Wynnco on June 12, 2012. Wynnco argues that Level’s failure to timely file answers to the interrogatories constituted prima facie proof that it had property of or was indebted to Wynnco to the extent of the judgment. See La. C.C.P. art. 2413(A).[4]
A garnishee’s answers to interrogatories are effective, so as to avoid a judgment pro confesso, so long as they are provided before the judgment creditor files a motion for judgment pro confesso.[5] Pic- *827 toria Lumber Co. v. Woodson, 13 La.App. 30, 33, 127 So. 95, 97 (La.App. 2nd Cir. 1930). We liken this present situation to answering a petition before a confirmation of default. This court has held that, up until the time the rule is heard, the court may permit the garnishee to file his answers in an attempt to rebut the judgment creditor’s prima facie case. All Star Floor Covering, Inc. v. Stitt, 2000-2049 (La.App. 1 Cir. 11/14/01), 804 So.2d 705, 708, writ denied, 2002-0406 (La.4/19/02), 813 So.2d 1085, and writ denied, 2002-0421 (La.4/19/02), 813 So.2d 1088; citing Hou-ma Mortgage & Loan, Inc. v. Marshall, 94-0728 (La.App. 1 Cir. 11/9/95), 664 So.2d 1199, 1205; see also Commercial Sec. Co., Inc. v. Corsaro, 417 So.2d 1346, 1349 (La. App. 3d Cir.1982); see also Sec. Ins. Co. of Hartford v. Holliday, 363 So.2d 246, 248 (La.App. 4th Cir.1978), tvrit denied, 370 So.2d 577 (La.1979).
At the contradictory hearing, Level introduced and filed into evidence the sworn answers to interrogatories that it had provided to Wynnco, which were set forth in a letter dated June 1, 2012, signed and notarized on June 5, 2012. Wynnco was in receipt of the letter on June 12, 2012. Level also introduced a copy of a check stub in the amount of $905.88, which represented the garnished wages of Ms. Ber-geron from the date of service of the motion for judgment pro confesso to the date of the institution of bankruptcy proceedings by Ms. Bergeron, which Level had remitted to the Sheriff of East Baton Rouge Parish. Following the contradictory hearing, the district court determined that Level substantially complied with Louisiana Code of Civil Procedure article 2413, so as to preclude the granting of a judgment pro confesso. The court stated:
I’m going to deny the judgment pro confesso, not because there’s an automatic stay, but because they have, in fact, provided answers prior to the date of judgment and they have, in fact, made such payments that they would otherwise be liable to pay under the garnishment. So that being said, I’m going to deny the judgment pro confesso.
We therefore conclude that the garnishee, upon contradictory hearing, presented sufficient evidence that it had paid the full amount owed by it to the judgment debtor. The district court did not err in denying Wynneo’s motion for judgment pro confes-so and awarding Wynnco reasonable attorney fees associated with Wynneo’s filing of the motion. See La. C.C.P. art. 2413(C).[6]

DECREE

Considering the foregoing, the judgment of the district court that denied the motion for judgment pro confesso and awarded attorney fees is affirmed. All costs of this appeal are equally east to the parties.
AFFIRMED.

. On June 18, 2012, Jennifer Bergeron and her husband, Claude Bergeron, instituted a bankruptcy proceeding, case number 12-10907, in the United States Bankruptcy Court for the Middle District of Louisiana. An automatic stay was effective June 18.2012, as to all actions seeking to enforce or collect judgments against Jennifer Bergeron’s estate. See 11 U.S.C. § 362.

. Following rendition of judgment, Level brought a motion for new trial, which was heard and denied in open court on January 14, 2013.

.Article 2413 entitled "[ejffect of garnishee’s failure to answer,” provides, in pertinent part:
A. If the garnishee fails to answer within the delay provided by Article 2412, the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs ... The failure of the garnishee to answer prior to the filing of such a contradictory motion is prima facie proof *826 that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs.
B. Judgment shall be rendered against the garnishee on trial of the motion unless he proves that he had no property of and was not indebted to the judgment debtor. If on the trial of such motion, the garnishee proves the amount of such property or indebtedness, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness, as provided in Article 2415.

. We note, as did the district court, a disparity in the language of the pertinent Louisiana Code of Civil Procedure articles regarding whether or not the answers to garnishment interrogatories must be filed. Article 2412(D) provides that a garnishee “shall file” his sworn answers to the interrogatories; however, Article 2413(A) states "if the garnishee fails to answer,” but makes no mention of filing said answers.

. Comment (b) to Louisiana Code of Civil Procedure article 2413 states that "[tjhis article also codifies the rule announced in Victoria Lumber Co. v. Woodson, 13 La.App. 30, 127 So. 95 (1930), to the effect that the answers of the garnishee will be effective, if filed *827 at any time before the seizing creditor has taken positive action against him, though he has failed to answer within the time prescribed by law.”

. Louisiana Code of Civil Procedure article 2413(C) states that "[r]egardless of the decision on the contradictory motion, the court shall render judgment against the garnishee for the costs and a reasonable attorney fee for the motion."