THERIOT, J.
| ¡¡This appeal is taken from a judgment entered by the Twenty-Third Judicial District Court, denying the plaintiff-appellant’s motion for judgment pro confesso. For the following reasons, the appeal is maintained and the trial court’s judgment is affirmed.
FACTS AND PROCEDURAL HISTORY
-! This dispute derives from a suit filed on April 2, 2012, by the plaintiff-appellant, Ascension Credit Union (“Ascension”), ■against the defendants, Kayla V. Babin and her then-husband, Jacob P. Babin. Ascension filed suit to enforce its rights against the defendants on a promissory, note. Ascension prayed for judgment in its favor in an amount equal to $20,338.99, plus interest, costs, and attorney fees. The defendants did not respond to the suit. A default judgment was entered and confirmed against the defendants in the full sum of $20,338.99. The judgment rendered in Ascension’s favor, signed on October 10, 2012, has never been collected.
After default judgment was confirmed against the defendants, the trial court issued a “Rule to Confirm Existence of Community Property Regime” to Brandt Daigle, an individual who was not a party to the original suit. The trial court ordered Daigle to appear before the court, answer questions concerning the community property regime between himself and judgment debtor, Kayla Babin, and show cause why the October 12, 2012 judgment should not be executed against the community property of himself and Kayla Babin. Daigle admitted under oath that he was married to Kayla Babin and had never entered a separate property marital agreement with her. The trial court thus issued an order declaring that the October 12, 2012 judgment could be executed against the community property regime existing between Kayla Babin and Brandt Daigle. Ascension then filed a petition for lagarnishment, alleging that Brandt Daigle was employed by Emerson Process Management Power & Water Solutions, Inc. (“Emerson”) and that Emerson was indebted unto Daigle for his salary and/or wages. Ascension requested Emerson answer the accompanying interrogatories. The trial'court ordered Emerson.be cited as garnishee and answer the interrogatories attached to the petition for garnishment. Emerson responded to the interrogatories, under oath and in writing, and, on July 8, 2014, filed its responses into the record.'
The first interrogatory propounded upon Emerson asked: “Are you [Emerson] indebted unto defendant, Kayla V. Babin’s spouse, Brandt Daigle [identifying Daigle’s Social Security Number] in a sum sufficient to satisfy the full amount of the judgment herein?” Emerson responded to this inquiry in the negative. The second interrogatory asked:' “Is the defendant’s spouse in your employ?” Again, Emerson responded in the negative, but qualified its response by declaring that “Jacob Babin Termed (sic) Employment 5/27/14[.]” (emphasis .added). All. subsequent interrogatories similarly inquired into the Emerson’s indebtedness- to the “defendant’s spouse” without further identification thereof. Emerson answered the interrogatories with bare denials, thus indicating it was not indebted to the “defendant’s spouse.”
On August 13, 2014, Ascension filed a motion for judgment pro confesso, alleging *547 that Emerson “failed to file proper answers” and requesting Emerson, as garnishee, be ordered to appear and show cause why judgment should not be entered against it. The trial court ordered Emerson to appear in court for a contradictory hearing on the motion. In contravention of the trial court’s order, Emerson did not appear in court. At the hearing, Ascension acknowledged that Emerson filed answers, but alleged Emerson’s answers were deficient because it “didn’t answer the Uquestions that were asked.” Ascension averred Emerson’s responses were tantamount to a failure to respond, thus establishing a prima facie case under La. C.C.P. art. 2413 that Emerson had funds sufficient to pay the entire debt. The trial court took the matter under advisement, and, on September 19,2014, signed a judgment denying Ascension’s motion for judgment pro confesso.[1] Ascension filed a timely motion for devolutive appeal, that the trial court granted on October 14, 2014. Emerson did not respond to this appeal.
On December 18, 2014, this court, ex proprio motu, found an apparent defect in the appeal and issued a rule to show cause order. The order noted it appeared the September 19, 2014 judgment at issue was non-appealable, and ordered the parties to show cause as to whether this appeal should or should not be dismissed for this reason. On March 9, 2015, another panel of this court issued a ruling maintaining the appeal, but reserved the final determination as to whether the appeal should be maintained to the merits-panel.
ASSIGNMENTS OF ERROR
Ascension presents a sole assignment of error on appeal:
1. The trial court erred by denying the motion for judgment pro confesso when the employer failed to answer the interrogatories - and instead responded that a different person was not employed.
STANDARD OF REVIEW
. The question of whether the trial court erred by denying Ascension’s motion for judgment pro confesso involves a mixed issue of Jaw and fact. “Typically, mixed questions of law and fact are subject to the manifest error ^standard of review.” Ogea v. Merritt, 2013-1085 (La.12/10/13), 130 So.3d 888, 895 n. 6.
DISCUSSION
First, we find that this appeal should be maintained, as the trial court’s September 19, 2014 judgment is an appeal-able partial final judgment. Generally speaking, a judgment is the determination of the rights of parties in an action and can be either interlocutory or final. La. C.C.P. art. 1841. A judgment that does not determine the merits but only preliminary matters in -the course of an action is an interlocutory judgment; whereas a judgment that determines the merits, in whole or in part, is a final judgment. Id. The jurisdiction of Louisiana appellate courts extends to “final” judgments. La. C.C.P. art.2083; see Doyle v. Mitsubishi Motor Sales of America, Inc., 99-0459 (La.App. 1st Cir.3/31/00), 764 So.2d 1041, 1047, writ denied, 00-1265 (La.6/16/00), 765 So.2d 338.
Pursuant to La. C.C.P. art. 1915(A), litigants may take immediate appeal from “partial” final judgments. The trial court may render and sign an immediately ap-pealable partial final judgment, even though it may hot grant the successful *548 party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, if, in pertinent part, the court dismisses the suit as to less than all of the parties. See La. C.C.P. art. 1915(A)(1). However, if judgment is rendered only as to “one or more but less than all of the claims, demands, issues, or theories against a party,” it does not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay. La. C.C.P. art. 1915(B)(1).
In this case, the trial court’s September 19, 2014 judgment denying Ascension’s motion for judgment pro confesso dismissed Ascension’s entire 1 (¡right of action against Emerson. The judgment did not decide “less than all of the claims” against Emerson, nor did it decide only “preliminary matters.” Rather, the trial court’s judgment wholly disposed of Emerson’s involvement in this suit. We are further persuaded that the instant appeal should be maintained by the fact that this court has previously, considered an appeal taken from a trial court’s ruling denying a motion for judgment pro confesso. See Tower Credit, Inc. v. Carpenter, 00-1561 (La.App. 1st Cir.9/28/01), 809 So.2d 384, rev’d on other grounds, 01-2875 (La.9/4/02), 825 So.2d 1125. Although the Louisiana Supreme Court granted writ and reversed the decision in Tower Credit, Inc., the court did so on the merits, without discussing whether the appeal had been properly maintained. See Tower Credit, Inc. v. Carpenter, 01-2875 (La.9/4/02), 825 So.2d 1125, 1126-30. Consequently, this appeal is maintained.
On appeal, Ascension argues that the trial court erred by denying its motion for judgment pro confesso. It contends that Emerson’s submissions were so deficient that they “amount[ed] to a ‘failure to file answers’ such that the pro confesso remedy of La. C.C.P. [a]rt. 2413 is invoked.” Ascension suggests that Emerson purposefully failed to answer the garnishment interrogatories regarding Brandt Daigle’s employment and that the trial court’s ruling allows Emerson to “thwart the garnishment by submitting irrelevant answers
[[Image here]]
Louisiana law permits a judgment creditor to collect a judgment rendered in its favor against a judgment debtor through a garnishment proceeding, which is a streamlined legal process that permits seizure of a judgment debtor’s property in the hands of a third party. See Houma Mortgage & Loan, Inc. v. Marshall, 94-0728 (La.App. 1st Cir.11/9/95), 664 So.2d 1199, 1203. Pursuant to La. C.C.P. art. 2411(A), a judgment 17creditor may, by petition and after the issuance of a writ of fieri facias, cause a third person to be cited as a garnishee to declare under oath what property he has in his possession or control belonging to the judgment debtor. Louisiana Code of Civil Procedure art. 2413(A) provides the consequences of a garnishee’s failure to answer garnishment interrogatories:
If the garnishee fails to answer within the delay provided by Article 2412, the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs .... The failure of the garnishee to answer prior to the filing of such a contradictory motion is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs.
Wage garnishments are subject to the specific statutory provisions of La. R.S. 13:3921, et seq. See La. C.C.P. art. 2411(B)(2). Louisiana Revised Statute 13:3924 specifically addresses a garnishee’s *549 obligations to respond to garnishment interrogatories:
The interrogatories to be served upon the garnishee shall include a question, or questions, the answer to which shall inform the court as to whether or not the defendant in the suit is employed by the garnishee, and, if not, where and by whom the defendant is presently employed and residing, if known to the garnishee, and, if employed by the garnishee, what his rate of compensation is, in what manner it is paid, and whether or not there are other judgments or garnishments affecting such wage, salary or compensation, and, if so, the status thereof.
Under the applicable statutory provisions, when a proposed garnishee is served with garnishment interrogatories, the garnishee must “answer .all proper questions and interrogatories and ... make all proper disclosures concerning his indebtedness to the debtor or concerning property of the latter in his possession.” Houma Mortgage & Loan Inc., 664 So.2d at 1204. Where answers to garnishment interrogatories have actually been submitted, “only where the answers of the garnishee are an unconditional and Isunqualifíed confession of indebtedness to the defendant [can] judgment [pro confes-so] be taken ... against him, the garnishee.” Airey & Stouse v. Hoke, 164 La. 998, 1000, 115 So. 60, 61 (1927).
Purportedly deficient garnishment interrogatory answers do not render a pro confesso remedy per se appropriate, so long as a garnishee substantially complies with the statutory response requirements. See Foster v. Smith, 244 So.2d 899, 901 (La.App. 1st Cir.), writ denied, 258 La. 363, 246 So.2d 683 (La.1971). In Foster, the appellant challenged the trial court’s dismissal of garnishment proceedings, arguing that the garnishee’s answers were “not in the form required by law.” 244 So.2d at 900. There, citing a garnishee’s statutory obligations under La. R.S. 13:3924 (prior to amendment by Acts 1982, No. 532, § 1), the court explained that a garnishee must answer interrogatories in a manner that informs the court as to whether or not the defendant is employed by the garnishee, and, if so, as to the particulars of his payment. Foster, 244 So.2d at 900-01. Despite purported deficiencies in the garnishee’s responses, the court affirmed the trial court’s dismissal of the garnishment proceedings, reasoning that the garnishee had not violated its statutorily mandated response requirement. In relevant part, the court stated:
The garnishee answered each of the six interrogatories. Although the answers are very brief and skimpy, as observed by the trial judge, they declare that the defendant debtor was not employed by it at the time the interrogatories were served and that he has not since been employed by the garnishee, and that it owed the debtor only $18.00. An examination of the interrogatories and the answers thereto convinces us that the answers substantially comply with the requirements of the pertinent statutes.
Foster, 244 So.2d at 901 (emphasis added).
lain the case at bar, Emerson responded to the garnishment interrogatories, under oath and in writing, and filed its responses in the record before Ascension filed its motion for judgment pro confesso. Emerson’s responses were handwritten in the form provided to it by Ascension. Though Emerson’s answers are undoubtedly “brief and skimpy,” Emerson addressed each of the questions actually posed, because, as explained above, only the first interrogatory asked specifically about the company’s indebtedness to Brandt Daigle. Emerson responded that *550 it was not indebted to Brandt Daigle, and answered all subsequent interrogatories asking more generally about Emerson’s indebtedness to the “defendant’s spouse.”
Where a garnishee-files answers to interrogatories in the record, unless a judgment creditor files a timely motion to traverse a garnishee’s answers, “any property of the judgment debtor in the possession of the garnishee and any indebtedness to the judgment debtor which the garnishee has not admitted holding or owning shall be released from seizure.”' La. C.C.P. art. 2414. Where a garnishee’s answers are not traversed and disproved, “the -extent of his liability is to be tested solely by his said answers.” ‘ Smith v. McCall, 14 La.App. 609, 611, 122 So., 149, 150 (La.App. 2d Cir.1929); see also Johnson v. Bolt, 144 So. 296, 298 (La.App. 2d Cir.1932) (“The extent of the garnishee’s liability is to be tested by his answers to interrogatories when the truth of those interrogatoriés has not been disproved.”); compare with Vela v. Jurisich, 210 So.2d 108, 109 (La.App. 4th Cir.1968) (finding La. C.C.P. art. 2414 does not provide the “exclusive remedy” when garnishment answers are filed after a timely motion for judgment pro confesso). Where the record contains proof of “all the pertinent facts- without the necessity of the | ^introduction of further evidenee[,]” a formal rule to traverse a garnishee’s answers is not indispensable; but, if a garnishee’s answers are conditional or qualified, or disclose an unqualified denial of liability to defendant, or if the introduction of evidence is necessary to fix the liability of the garnishee, “a rule to traverse is necessary.” See Johnson v. Bolt, 146 So. 375, 376 (La.App. 2d Cir.1933).
Ascension did not attempt to traverse or disprove Emerson’s allegedly “irrelevant” answers. Ascension admitted to the trial court that there was no evidence Emerson answered any of the interrogatories untruthfully, and admits on appeal that “the record is devoid of any evidence that [Dai-gle] is employed at Emerson Process.” Thus, Emerson’s liability should be tested solely by its answers to the garnishment interrogatories, which demonstrate that Emerson was not indebted unto Brandt Daigle in a sum sufficient to satisfy the full amount of the judgment in the principal suit. Therefore, Ascension is not entitled to a presumption of indebtedness. Ascension’s sole assignment of error does not merit relief.
DECREE
The judgment of the Twenty-Third Judicial District Court, signed on September 19, 2014, denying Ascension’s motion for judgment pro confesso is affirmed. All costs of the appeal are assessed against the plaintiff-appellant, Ascension Credit Union.
APPEAL MAINTAINED. JUDGMENT AFFIRMED.

. The trial court judge handwrote “DENIED” over the proposed judgment offered by Ascension, and rendered and signed that as the judgment of the court.