# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2023 CA 0787

## TOWER CREDIT, INC.

## VERSUS

## ERIC E. MCGEE

Judgment Rendered:  SEP 06 2024

Appealed from the
City Court of Baton Rouge
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 22-01560

The Honorable Kelli Terrell Temple, Judge Presiding

Richard D. Bankston
Baton Rouge, Louisiana

Attorney for Plaintiff/Appellant,
Tower Credit, Inc.

Stephen C. Fortson
Mary Catherine Joiner
Rachel S. Day
Shreveport, Louisiana

Attorneys for Defendant/Appellee,
Petroleum Service Corporation
Parent, Inc.

BEFORE:  McCLENDON, HESTER, AND MILLER, JJ.

Hester, J. dissents with reasons
McClendon, J. concurs and assigns reasons
by CHH

**MILLER, J.**

This matter is before us on appeal by plaintiff, Tower Credit, Inc., from a judgment of the trial court denying its motion for judgment *pro confesso*. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On April 19, 2022, Tower Credit, Inc. ("Tower") filed suit on a promissory note in the City Court of Baton Rouge against Eric E. McGee seeking judgment in its favor, and against McGee, for "$8,436.92 together with interest from the date of judicial demand at the rate of 28.94% per year... ." McGee failed to respond to Tower's suit, and Tower obtained a default judgment against him on June 29, 2022. Thereafter, Tower filed a petition for garnishment, naming PSC Group LLC ("PSC") as garnishee.[1] The trial court signed an order directing that PSC be cited as garnishee and ordering PSC to answer, under oath and in writing, garnishment interrogatories.[2]

On January 19, 2023, Tower filed a "Motion for Judgment Pro Confesso" contending that PSC was served with garnishment interrogatories on September 23, 2022, and that PSC failed to answer the interrogatories within thirty days of service. Upon PSC's failure to file answers to the interrogatories as required by law, Tower requested that PSC be ordered to appear and show cause why judgment should not be entered against it in the amount of the default judgment rendered in the suit. The rule to show cause was initially set for March 29, 2023.

On March 28, 2023, after service of the *pro confesso* motion was made on PSC, but before the date of the original hearing, PSC filed responses to the garnishment interrogatories. The answers established that PSC was not indebted to

---

[1] We note that while "PSC Group LLC" was named as garnishee, "Petroleum Service Corporation Parent, Inc." ultimately responded in the garnishment proceedings and is the appellee herein.

[2] The order, prepared by the garnishor, further required that the sum of $15.00 be deposited with the Clerk of Court pursuant to La. R.S. 13:3927.

2

the defendant; that the defendant was no longer employed by PSC; and that at the time that defendant left its employ, PSC had knowledge of eight other garnishments against the defendant's wages. Thereafter, on March 29, 2023, counsel for Tower and PSC appeared before the trial court, who reassigned the matter to May 3, 2023, when it was ultimately heard.

At the hearing on the motion for judgment *pro confesso*, counsel for PSC contended that PSC sufficiently rebutted the *prima facie* case established by its failure to timely answer the garnishment interrogatories by the filing of its interrogatory answers into the record on March 28, 2023. Counsel for PSC attempted to support its interrogatory answers by introducing copies of both Mr. McGee's pay stubs as well as evidence of the other garnishment proceedings in place against Mr. McGee. Counsel for Tower argued that the late filing of the interrogatory answers does not relieve PSC of the liability created by the *prima facie* case and that any evidence to rebut the *prima facie* case had to be produced through witnesses at the hearing. The trial court did not allow introduction of the additional evidence because PSC did not have a witness present to authenticate same. However, the trial court denied the motion for judgment *pro confesso* and ordered PSC to pay attorney fees in the amount of $400.00. On May 18, 2023, the trial court signed a judgment in conformance with its ruling. Tower filed the instant appeal.

In its sole assignment of error on appeal, Tower contends that the trial court erred in denying its motion for judgment *pro confesso* when PSC introduced no evidence at the hearing to controvert the *prima facie* case created by La. C.C.P. art. 2413.

## DISCUSSION

A garnishment proceeding is nothing more than a streamlined legal process for obtaining the seizure of property of a judgment debtor in the hands of a third party. Tower Credit, Inc. v. Carpenter, 2001-2875 (La. 9/4/02), 825 So. 2d 1125,

1127. Louisiana Code of Civil Procedure articles 2411 through 2417 govern garnishment proceedings in general. Garnishment of a debtor's wages is a procedure specifically governed by La. R.S. 13:3921, *et seq.*, along with the general provisions found in the Code of Civil Procedure. Dads BR1, L.L.C. v. Conner, 2022-0141 (La. App. 1st Cir. 9/16/22), 352 So. 3d 1012, 1014. At its functional essence, garnishment is the seizure of property in the hands of a third party. See 2 La. Prac. Civ. Forms § 11:1, *Nature of the writ of garnishment*, citing Ascension Credit Union v. Babin, 2014-1653 (La. App. 1st Cir. 11/6/15), 183 So. 3d 544 and McMillon v. European Service, Inc., 52,701 (La. App. 2nd Cir. 5/22/19), 275 So. 3d 375, 378.

Louisiana Code of Civil Procedure article 2411, *et seq.* and La. R.S. 13:3921, *et seq.* must be considered supportive of each other. Otherwise, the wage garnishment proceedings could be ignored by obtaining a judgment under codal provisions thereby precluding the garnishee from seeking relief under the statutory provisions creating his liability in the first instance. Accordingly, it has been repeatedly held that where an employer fails to timely answer wage garnishment interrogatories, a default judgment may be rendered against him pursuant to La. C.C.P. art. 2413, but the court has discretion thereafter to reopen the case pursuant to La. R.S. 13:3923. Beneficial Financial Company of Louisiana v. Haviland, 411 So. 2d 1102, 1105 (La. App. 4th Cir.), writ denied, 415 So. 2d 942 (La. 1982); Tower Credit, Inc. v. Williams, 2022-0106 (La. App. 1st Cir. 9/16/22), 352 So. 3d 1029, 1037, writ granted, judgment vacated in part, 2022-01556 (La. 2/7/23), 354 So. 3d 659; Dad's BR1, L.L.C. v. Harmon, 2022-0141 (La. App. 1st Cir. 9/16/22), 352 So. 3d 1012; Houma Mortgage & Loan, Inc. v. Marshall, 94-0728 (La. App. 1st Cir. 11/9/95), 664 So. 2d 1199; Zurich Insurance Company v. Harmon, 95-0297 (La. App. 1st Cir. 10/6/95), 671 So. 2d 383.[3]

---

[3]Louisiana Revised Statute 13:3921 was amended by La. Acts 2022, No. 265, § 2, effective August 1, 2022, to include Section (B), which provides that "Nothing in this Section is meant to affect judgments rendered pursuant to Code of Civil Procedure Article 2413." Here, the judgment

4

Service upon the garnishee of the petition, citation, and interrogatories operates to seize any property of, or credit due, the judgment debtor held by the garnishee at the moment of service, though the amount and kind of such property will not be known until the garnishee answers. Carpenter, 825 So. 2d at 1128; also see La. C.C.P. art. 2411(B).[4] It is the garnishee's duty to answer all proper interrogatories and to make all proper disclosures concerning property of the debtor in its possession. Houma Mortgage & Loan, Inc. v. Marshall, 94-0728 (La. App. 1st Cir. 11/9/95), 664 So. 2d 1199, 1204; Wynnco Construction, LLC v. Bergeron, 2013-0250 (La. App. 1st Cir. 11/4/13), 136 So. 3d 823, 825; and La. C.C.P. art. 2411(A). The garnishee shall file his sworn answers to the interrogatories within thirty days from the date of service. La. C.C.P. art. 2412(D). However, **up until the time the rule is heard, the court may permit the garnishee to file his answers in an attempt to rebut the judgment creditor's *prima facie* case**. Houma Mortgage & Loan, Inc., 664 So. 2d at 1205, citing Commercial Securities Company, Inc. v. Corsaro, 417 So. 2d 1346, 1349 (La. App. 3rd Cir. 1982). (Emphasis added).

Louisiana Code of Civil Procedure article 2413 addresses the effects of the garnishee's failure to answer and provides:

> A. If the garnishee fails to answer within the delay provided by Article 2412, the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs. … The failure of the garnishee to answer prior to the filing of such a contradictory motion is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs.

> B. Judgment shall be rendered against the garnishee on trial of the motion unless he proves that he had no property of and was not indebted to the judgment debtor. If on the trial of such motion, the garnishee proves the amount of such property or indebtedness, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness, as provided in Article 2415.

---

entered denied a motion for judgment *pro confesso* and we offer no opinion on the effect of the amendment.

[4]Generally, a garnishment is not continuing in nature, except against wages. See La. C.C.P. art. 2411(C); the Editor's Notes to La. C.C.P. art. 2411; and La. R.S. 13:3913(B).

C. Regardless of the decision on the contradictory motion, the court shall render judgment against the garnishee for the costs and a reasonable attorney fee for the motion.

Accordingly, failure of the garnishee to file his answer within the delay provided by law creates the opportunity for plaintiff to seek a judgment *pro confesso*, i.e., a judgment against the garnishee for the amount of the judgment, plus interest and costs. Dads BR1, L.L.C., 352 So. 3d at 1015; Wynnco Construction, LLC, 136 So. 3d at 825. While the garnishee's failure to file a sworn answer to garnishment interrogatories is *prima facie* proof of the creditor's claim against the garnishee under La. C.C.P. art. 2413, this *prima facie* proof is rebuttable if the garnishee presents evidence of its actual debt or lack thereof to the debtor. Wynnco Construction, LLC, 136 So. 3d at 825-826.

A contradictory hearing must be conducted on the motion and the garnishee must be given an opportunity to present evidence of the actual indebtedness, employment of the debtor, character of the employment, prior garnishments, and other facts relevant to the garnishment proceeding. Wynnco Construction, LLC, 136 So. 3d at 826. If the garnishee thereafter fails to present evidence at the contradictory hearing to rebut the judgment creditor's *prima facie* case, i.e., proof that he had no property of and was not indebted to the judgment debtor, judgment shall be rendered against the garnishee. Dads BR1, L.L.C., 352 So. 3d at 1015.

The question of whether the trial court erred by denying a motion for judgment *pro confesso* involves a mixed issue of law and fact, which is subject to the manifest error standard of review. Ascension Credit Union v. Babin, 2014-1653 (La. App. 1st Cir. 11/6/15), 183 So. 3d 544, 547. In this appeal, the question before us is straightforward – could the trial court rely upon the late filed interrogatory answers to determine the rule on the motion for judgment *pro confesso*? Or, stated another

way, did the interrogatory answers of record overcome the garnishor's *prima facie* case?

In Wynnco Construction, LLC, 136 So. 3d at 825, the garnishee provided answers to the interrogatories in a sworn letter to the judgment creditor. The answers were delivered and received on June 12, 2012. On the same date, the judgment creditor fax-filed a motion for judgment *pro confesso*, seeking the entirety of the debt owed along with attorney fees. This court stated:

> A garnishee's answers to interrogatories are effective, so as to avoid a judgment *pro confesso*, so long as they are provided before the judgment creditor files a motion for judgment *pro confesso*. We liken this present situation to answering a petition before a confirmation of default. This court has held that, *up until the time the rule is heard, the court may permit the garnishee to file his answers **in an attempt to rebut** the judgment creditor's prima facie case.*

Wynnco Construction, LLC, 136 So. 3d at 826-827. (Emphasis added; citations and footnotes omitted.)

In Wynnco Construction, LLC, 136 So. 3d at 827, the garnishee ***introduced and filed into evidence*** the sworn answers to the interrogatories it had provided to the judgment creditor. The garnishee also introduced a copy of a check stub, representing the garnished wages of the judgment debtor from the date of service of the motion for judgment *pro confesso* through the date the judgment debtor instituted bankruptcy proceedings, which the garnishee had remitted to the sheriff. Accordingly, this court affirmed the denial of the judgment *pro confesso*, finding that the garnishee, upon contradictory hearing, presented sufficient evidence to establish that it had paid the full amount owed by it to the judgment debtor. Wynnco Construction, LLC, 136 So. 3d at 827. Wynnco is clearly distinguishable based upon the timing of the answers and the introduction of evidence.

Houma Mortgage & Loan, Inc., 664 So. 2d 1199, is also clearly distinguishable based upon the response filed by the garnishee. In response to the garnishment interrogatories, the garnishee inserted hand-written answers into the

7

interrogatories and filed those responses into the record. The responses were not answered under oath, nor were the responses signed by any representative of the garnishee. This court stated, "[The garnishee's] failure to answer the interrogatories under oath should be treated as a failure to answer and constitutes prima facie proof that [the garnishee] had property of or was indebted to the [judgment debtor] to the extent of the judgment." Houma Mortgage & Loan, Inc., 664 So. 2d at 1205. It was then incumbent upon the garnishee to present evidence at the contradictory hearing of the actual debt or lack thereof to the judgment debtor. The garnishee was afforded the opportunity to present evidence, but the garnishee did not appear at the hearing. Accordingly, this court affirmed the judgment in favor of the judgment creditor and against the garnishee. Houma Mortgage & Loan, Inc., 664 So. 2d at 1205.

In the present matter, it is undisputed that PSC was served with and failed to answer garnishment interrogatories under oath prior to the filing of the motion for judgment *pro confesso*. Accordingly, *prima facie* proof was established, and the burden shifted to PSC to prove at the trial on the motion that it had no property of and was not indebted to Tower. See La. C.C.P. art. 2413. Before the hearing, but after the motion for judgment *pro confesso* was filed, the garnishee filed sworn answers into the record. As set forth above, at the hearing, the garnishee attempted to supplement the answers by introducing Mr. McGee's pay stubs and evidence of other existing garnishments already in place into evidence, but the trial court sustained Tower's objection and excluded the evidence. The fact that the interrogatory answers were made part of the record is not in dispute, but the fact that PSC filed its answers to the garnishment interrogatories prior to the trial on the motion did not relieve it of the burden of rebutting the *prima facie* proof established by its initial failure to answer. The question is whether the answers were sufficient to show the garnishee did not possess property of the debtor.

Considering there was no evidence or testimony presented at the hearing, the trial court's decision to deny the motion for judgment *pro confesso* was necessarily based on its consideration of the interrogatory answers of record. The trial court's consideration of the interrogatory answers is consistent with the longstanding jurisprudence of this circuit. As previously explained, the court may permit the late filing of answers "to rebut the judgment creditor's *prima facie* case." Houma Mortgage & Loan, Inc., 664 So. 2d at 1205. As such, the jurisprudence considers tardy answers, in the context of a *pro confesso* hearing, as rebuttal evidence. This court has further explained that "Where a garnishee's answers are not traversed and disproved, the extent of his liability is to be tested solely by his said answers." Ascension Credit Union, 183 So. 3d at 544. Here, the garnishee's answers showed that it did not employ the debtor nor did it hold the debtor's property. While consideration of PSC's answers of record is most assuredly implicit in the trial court's judgment denying the motion for judgment *pro confesso*, at a minimum, these answers were available to the trial court to take judicial notice of same.

The goal of a garnishment proceeding is to seize a debtor's property in the hands of a third-party employer - not to force Louisiana employers/garnishees to turn over property they do not possess, nor to make employers/garnishees the guarantors of their employees' debt. Thus, when the relevant code of civil procedure articles, revised statutes, and jurisprudence is considered, the law should be interpreted to that effect. We conclude that this statutory scheme, which provides no dollar limit on judgments *pro confesso*, is not meant to provide a basis for a judgment in favor of judgment creditors against employers who may be tardy, but nonetheless establish that they hold no property due the creditor. As observed by Judge Chutz in his dissenting opinion in Tower Credit, "If the law were otherwise, garnishees could be, and would often be, mulcted for the benefit of persons to whom they are due nothing." See Tower Credit, Inc. v. Williams, 2022-0106 (La. App. 1st

9

Cir. 9/16/22), 352 So. 3d 1029, 1037, <u>writ granted, judgment vacated in part</u>, 2022-01556 (La. 2/7/23), 354 So. 3d 659, J. Hughes dissenting, <u>citing</u> <u>Corsaro</u>, 417 So. 2d at 1350 (<u>citing</u> <u>Julius Aaron and Son v. Berry</u>, 165 So. 496 (La. App. 2nd Cir. 1936)).

Finally, the statutory scheme expressly provides for the payment of costs and attorney fees, which was granted by the trial court herein. This award was adequate under the relevant law.

Because we find that the record herein provides a reasonable basis for the trial court's denial of the motion for the judgment *pro confesso*, we find no error in the judgment of the trial court.

## CONCLUSION

For the above and forgoing reasons, the trial court's May 18, 2023 judgment denying the motion for judgment *pro confesso* is affirmed. Costs of this appeal are assessed to the plaintiff/appellant, Tower Credit, Inc.

**AFFIRMED.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 0787

TOWER CREDIT, INC.

VERSUS

ERIC E. McGEE

**********************************************

**McClendon, J., concurring.**

The majority states that it has been repeatedly held that where an employer fails to timely answer wage garnishment interrogatories, a default judgment may be rendered against him pursuant to LSA-C.C.P. art. 2413, *but that the trial court has discretion thereafter to reopen the case pursuant to LSA-R.S. 13:3923.* However, the majority makes this statement without analyzing how the legislative amendment to LSA-R.S. 13:3923 may have affected this previously established legal axiom. Significantly, all of the cases cited by the majority were decided prior to the 2022 amendment to the statute, which added paragraph (B) to LSA-R.S. 13:3923.

The current version of LSA-R.S. 13:3923 provides:

A. It shall not be necessary that more than one writ of garnishment or one set of interrogatories be served in a garnishment proceeding, but the court shall render judgment for the monthly, semimonthly, weekly, or daily payments to be made to the seizing creditor according to the manner best suited to the circumstances, until the indebtedness is paid. The garnisher shall serve upon the garnishee the citation, the petition, the garnishment interrogatories, the notice of seizure, and a statement of sums due under the garnishment, such statement to include but not be limited to the principal, interest, court costs incurred to date, and attorney fees due under the judgment. The court, in its discretion, may reopen the case upon the motion of any party concerned for evidence affecting the proper continuance of the garnishment judgment, and the court shall retain jurisdiction to amend or set aside its garnishment judgment at any time in its discretion; however, all effects of the seizure by garnishment shall cease upon the termination of employment of the debtor with the garnishee, unless the debtor is reinstated or reemployed within one hundred eighty days after the termination. Should judgment by default be taken against any party garnishee, he may obtain a reopening of the case upon proper showing and within the discretion of the court.

B. Nothing in this Section is meant to affect judgments rendered pursuant to Code of Civil Procedure Article 2413.

Nevertheless, because paragraph (B) is not applicable to the facts of this case, I respectfully concur in the result reached by the majority.

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0787

TOWER CREDIT, INC.

VERSUS

ERIC E. MCGEE

CHH

**HESTER, J., dissents and assigns reasons.**

**HESTER, J., dissenting.**

I respectfully dissent from the majority.

I do not believe that the trial court could rely upon late filed interrogatory answers to determine the rule on the motion for judgment *pro confesso*. The issue is whether Petroleum Service Corporation Parent, Inc. ("PSC") carried its burden of proof at the trial on the contradictory motion. See La. Code Civ. P. art. 2413; also see **Wynnco Const., LLC v. Bergeron**, 2013-0250 (La. App. 1st Cir. 11/4/13), 136 So.3d 823, 826. Having appeared at the trial on the motion and failing to introduce any evidence, PSC failed to carry its burden of proof. Therefore, I would find that the trial court erred in denying Tower Credit, Inc.'s ("Tower") motion for judgment *pro confesso* and respectfully disagree with the majority's opinion.

In this case, PSC failed to file sworn answers to the garnishment interrogatories within thirty days as required by La. Code Civ. P. art. 2412(D). Accordingly, Tower proceeded by filing its motion for judgment *pro confesso*. La. Code Civ. P. art. 2413(A) ("If the garnishee fails to answer within the delay provided by Article 2412, the judgment creditor may proceed by contradictory motion against

the garnishee for the amount of the unpaid judgment, with interest and costs.") At the time Tower filed its motion, PSC had not filed sworn answers to the garnishment interrogatories, triggering the burden shifting procedure set forth in La. Code Civ. P. art. 2413(A).

Pursuant to La. Code Civ. P. art. 2413(A), the failure to answer garnishment interrogatories under oath prior to the filing of the contradictory motion constitutes *prima facie* proof that the garnishee has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs. Pursuant to La. Code Civ. P. art. 2413(B), "[j]udgment *shall* be rendered against the garnishee on the *trial on the motion unless he proves* that he had no property of and was not indebted to the judgment debtor." (Emphasis added.) See also **Wynnco Const., LLC**, 136 So.3d at 825-26 ("The garnishee's failure to file a sworn answer to garnishment interrogatories creates a *prima facie* case against the garnishee under [La. Code Civ. P. art.] 2413,[] which is rebuttable if the garnishee presents evidence of its actual debt or lack thereof to the debtor.")

In this case, it is of no consequence that PSC's answers were filed prior to the trial on the motion. This action alone does not revoke the *prima facie* proof established by the failure to file such answers prior to the filing of the motion for judgment *pro confesso*.[1] PSC retained the burden of proof at the trial on the motion. PSC was given an opportunity to present evidence of the actual indebtedness,

---

[1] In **Victoria Lumber Co. v. Woodson**, 127 So. 95, 97 (La. App. 2d Cir. 1930), the minute entries reflected that the interrogatories were filed and then the judgment entered against the garnishee on the same day. The court held as a fact that the answers were filed before the judgment *pro confesso* was entered and further held as a matter of law "that even though the garnishee's answers were not filed by the end of the tenth day, they should have been considered by the court, having been filed on the eleventh day, before plaintiff moved for judgment pro confesso." It is further observed that at the time when the **Victoria Lumber Co.** case was rendered, such motions were not written motions but oral motions made in open court. The court explained,

> Under the Code and our jurisprudence, it matters not how long a case may stand on preliminary default, such default is set aside by answer filed at any time previous to its confirmation. So, in garnishment proceedings, if the garnishee file[s] his answer at any time previous to motion for judgment pro confesso, his default or confession resulting from his failure to answer within ten days is set aside and there is issue joined between him and plaintiff.

2

employment of the debtor, character of employment, prior garnishments, and other facts relevant to the garnishment proceedings. See **Wynnco Const., LLC**, 136 So.3d at 826. PSC appeared at the trial on the motion for judgment *pro confesso* on May 3, 2023, but failed to successfully present any evidence at the trial on the motion. Therefore, PSC was unable to rebut the *prima facie* proof of Tower's claims against it.[2]

I disagree with the majority's statement that "[t]o ignore the interrogatory answers would conflict with the longstanding jurisprudence of this circuit."[3] Just as the Supreme Court stated in **Tower Credit, Inc. v. Carpenter**, 2001-2875 (La. 9/4/02), 825 So.2d 1125, 1128, this court has consistently observed that the judgment *pro confesso* is not self-executing and until a contradictory motion is filed against the garnishee for the amount of the judgment, the stage is set for a default judgment against the garnishee. **Wynnco Const., LLC**, 136 So.3d at 826; **All Star Floor Covering, Inc. v. Stitt**, 2000-2049 (La. App. 1st Cir. 11/14/01), 804 So.2d 705, 708, writs denied, 2002-0406, 2002-0421 (La. 4/19/02), 813 So.2d 1085 and 1088; **Houma Mortgage & Loan, Inc. v. Marshall**, 94-0728 (La. App. 1st Cir. 11/9/95), 664 So.2d 1199, 1204; **Commercial Sec. Co., Inc. v. Corsaro**, 417 So.2d 1346, 1349 (La. App. 1st Cir. 1982); **Sec. Ins. Co. of Hartford v. Holliday**, 363 So.2d 246, 2448 (La. App. 1st Cir. 1978), writ denied, 370 So.2d 577 (La. 1979). Louisiana Code of Civil Procedure article 2413 contemplates that a contradictory hearing be conducted on the motion and that the garnishee be given an opportunity to present evidence of the actual indebtedness, employment of the debtor, character

---

[2] It is noted that PSC did not even attempt to offer and introduce its answers to the garnishment interrogatories; however, I draw no conclusions as to whether PSC's answers would have been admissible at the trial on the motion.

[3] To the extent the majority concludes that this court has longstanding jurisprudence permitting the consideration of answers to garnishment interrogatories located in the record submitted after the filing of the motion for judgment *pro confesso*, I disagree. A court *could* consider late answers as rebuttal evidence *if* the answers were offered and *successfully* introduced at the trial on the motion.

of the employment, prior garnishments, and other facts relevant to the garnishment proceedings. **Carpenter**, 825 So.2d at 1128; **Wynnco Const., LLC**, 136 So.3d at 826.

This court has stated that, up until the time the rule is heard, the court may permit the garnishee to file its answers in an attempt to rebut the judgment creditor's *prima facie* case. **Wynnco Const., LLC**, 136 So.3d at 827; **All Star Floor Covering, Inc.**, 804 So.2d at 708; **Houma Mortgage & Loan, Inc**, 664 So.2d at 1204; <u>also see</u> **Commercial Sec. Co., Inc.**, 417 So.2d at 1349. However, "the garnishee against whom this presumption is raised may rebut the prima facie case by presenting evidence of its actual debt or lack thereof to the defendant." **Houma Mortgage & Loan, Inc**, 664 So.2d at 1204. Both the Supreme Court and this court have reiterated that, pursuant to La. Code Civ. P. art. 2413(B), after a hearing on the rule to show cause, judgment shall be rendered against the garnishee unless the garnishee proves that he either had no property of or was not indebted to the judgment debtor. **Carpenter**, 825 So.2d at 1128; **Wynnco Const., LLC**, 136 So.3d at 826; **Houma Mortgage & Loan, Inc**, 664 So.2d at 1205.

The majority attempts to make a distinction between cases in which a garnishee never files an answer or is deemed to have never filed an answer to the garnishment interrogatories, <u>see</u> **Houma Mortgage & Loan, Inc.**, 664 So.2d at 1205, and cases in which the answers to the garnishment interrogatories are filed after the *prima facie* proof is established but before the trial on the motion for judgment *pro confesso*. The applicable law does not support any such distinction. Rather, the law clearly requires the garnishee to prove that he had no property of and was not indebted to the judgment debtor, *i.e.*, the garnishee is still required to carry its burden at the trial on the motion for judgment *pro confesso*. La. Code Civ. P. art. 2413(B).

4

The majority quotes a portion of **Ascension Credit Union v. Babin**, 2014-1653 (La. App. 1st Cir. 11/6/15), 183 So.3d 544, 549, in which this court stated that "Where a garnishee's answers are not traversed and disproved, 'the extent of his liability is to be tested solely by his said answers.'" (quoting **Smith v. McCall**, 14 La. App. 2d Cir. 609, 611 (1929)). In **Ascension Credit Union** the garnishee answered the garnishment interrogatories, under oath and in writing, and filed its answers *before* the judgment creditor filed its motion for judgment *pro confesso*. Therefore, the judgment creditor retained the burden of proof on its motion, *i.e.*, the burden of proof never shifted to the garnishee pursuant to La. Code Civ. P. art. 2413(A). The garnishee's answers, which were not traversed or disproved, could be used to determine the extent of his liability in that case. See **Ascension Credit Union**, 183 So.3d at 550-51. I find that **Ascension Credit Union** is distinguishable from the facts herein in which the answers were filed *after* the motion for judgment *pro confesso* and *after* the burden shifted to PSC.

Additionally, I further disagree with the majority's conclusion that PSC's answers were "at a minimum, ... available to the trial court to take judicial notice of same." Louisiana Code of Evidence article 201 governs judicial notice of adjudicative facts, and I do not find the adjudicative facts at issue here could be judicially noticed in accordance with the provisions of La. Code Evid. art. 201.

In finding that the mere filing of answers to garnishment interrogatories into the record prior to the trial on the motion alone was sufficient to satisfy PSC's burden of proof at the trial on the motion, the majority ignores La. Code Civ. P. art. 2413(B), which required PSC to prove that it had no property of and was not indebted to Tower at the trial on the motion. The majority's holding effectively removes the burden shifting procedure from La. Code Civ. P. art. 2413, which this court cannot do. Any perceived injustice or unfortunate outcome from applying "this statutory scheme" should be corrected by the legislature, not the courts. Courts are bound to

5

apply the language of the relevant laws as written. **Winmill Tire, LLC v. Colt, Inc.**, 2020-01446 (La. 1/28/22), 333 So.3d 414, 421.

Based on the foregoing, I would reverse that portion of the trial court's May 18, 2023 judgment denying the motion for judgment *pro confesso* and render judgment in favor of Tower Credit, Inc. and against Petroleum Service Corporation Parent, Inc.